313 So.2d 190

**MODERNAGE HOMES, a division of Guerdon Industries, Inc., a corporation**

v.

**Terry Houston WOOLDRIDGE and Sally Wooldridge**

v.

**Paul POSEY d/b/a City Car Market, et al.**

**Civ. 419.**

Court of Civil Appeals of Alabama.

May 7, 1975.

Philip A. Geddes, Huntsville, for appellant.

Neil Taylor, Jr., Russellville, for appellees.

WRIGHT, Presiding Judge.

This is an appeal from denial of a motion to set aside a default judgment.

Suit below was brought by plaintiffs Wooldridge against defendant Posey, et al. Complaint was in two counts. Count One was for breach of warranty in the sale of a mobile home. Count Two was on account.

Defendant Posey impleaded Guerdon as a third party defendant under Rule 14, Alabama Rules of Civil Procedure. The third party claim alleged negligent manufacture of the mobile home by Guerdon and thus liability over to Posey for any recovery against him by Wooldridge.

The original complaint was filed in May of 1973, prior to the effective date of the Alabama Rules of Civil Procedure which was July 3, 1973. Defendant Posey filed demurrer or motion to dismiss on June 18, 1973, and a third party complaint against Guerdon on September 5, 1973. Defendant's motion to dismiss or demurrer was overruled on September 7, 1973, and leave to file the third party complaint was granted on the same date.

On March 5, 1974, judgment by consent was entered in favor of plaintiff against defendant Posey in the amount of $8,897.28 and costs. On the same date, default was granted against third party defendant, Guerdon, and in favor of defendant, third party plaintiff Posey for the same sum.

On April 29, 1974, motion to set aside the default was filed by Guerdon under Rule 60(b) ARCP. The motion charged the judgment was void because of lack of service, defective service, and failure to obtain leave prior to filing the third party complaint. It further charged the jugment was obtained by inadvertence, mistake and excusable neglect. The motion alleged that third party defendant had a meritorious defense. It failed to state any defense.

The motion was heard by the court, with testimony as to perfection of service presented, and denied on July 15, 1974.

The testimony as to service of the third party complaint is in conflict. The deputy sheriff stated he served the complaint upon the sales manager of the company and explicitly described the events and circumstances surrounding the service. He personally knew the man he says he served and other personnel who were present at the time. He was a former employee of the company. The sales manager denied service and stated he was in another city on the date of service. Other witnesses indirectly supported his testimony.

 A sheriff's return of service is presumed correct and the party challenging it has the burden of establishing its incorrectness by clear and convincing proof. Bastion-Blessing Co. v. Gewin, 217 Ala. 592, 117 So. 197; West v. West, 48 Ala.

App. 356, 264 So.2d 898; Hajovsky v. Hajovsky, 276 Ala. 77, 159 So.2d 194. The court having heard the testimony as to service ore tenus, its ruling is presumed correct on appeal. Howard v. Drinkard, 261 Ala. 555, 74 So.2d 704. The evidence of defendant when placed alongside that of the returning officer is not so clear and convincing as to overcome the finding of the court.

Defendant claims defective service because the return was made by a secretary rather than by the deputy.

The testimony of the deputy was that the return was correct though physically made by a secretary. Such was stated to be the practice in the sheriff's office and the secretary was authorized by him to write out the return. The return on the summons is a matter of form and not of substance when actual service has been made. It is subject to amendment at any time to properly state the truth. Rule 4(g) ARCP. Failure to follow form in making the return does not invalidate service but at most only the return which may be amended. Sansbury v. Schwartz, D.C., 41 F.Supp. 302. If the return is shown to speak the truth, and was authorized to be entered by the officer who served the summons and complaint, defendant had notice and his substantive rights have not been violated. Rule 61, ARCP, Rule 45, Supreme Court Rules.

The record on appeal presents no testimony in support of grounds for setting aside the default other than failure of service. The motion alleges mistake, inadvertence and excusable neglect in failing to appear and plead; mistake because notice did not reach defendant; inadvertence because the person served failed to forward to the responsible person within defendant corporation; excusable neglect because defendant's employees are uneducated in legal matters and did not know to forward to the proper person within the corporation. Whether any of these grounds were sufficient for the exercise of the discretion of

the court if supported by proof is not for our decision as no proof is shown.

The motion alleges a meritorious defense but does not state such defense. Rule 60, ARCP is stated in the commentary thereto to be an amalgamation of all prior Alabama procedural devices available to attack final judgments. Procedural and substantive law in this state has always required that an attack on a final judgment, not void, must allege and prove a meritorious defense to the action. Taylor v. Taylor, 49 Ala.App. 306, 271 So. 2d 503. Such requirement has been followed by the federal courts in construing the federal Rule 60(b). Gomes v. Williams, 420 F.2d 1364 (10 Cir., 1970). 11 Wright and Miller, Federal Practice and Procedure, Sec. 2857. There is nothing in the record before us to indicate that defendant submitted to the trial court either allegation or fact pertaining to a meritorious defense. There is no proof either by affidavit or testimony of such a defense. As the granting or refusal of a motion under Rule 60(b)(1) is a matter within the discretion of the court subject to review only on the ground of abuse thereof, there is nothing before us to support a review of the judgment of the trial court.

Upon this appeal, appellant-third party defendant, so far as the record reveals, presents for the first time, the unusual argument that because of pleading defects in the complaint of plaintiff against defendant Posey, the judgment therein is defective—therefore, there can be no default judgment against it upon the third party complaint. In other words, third party defendant can claim as error the ruling of the trial court upon the demurrer or motion of the defendant directed to the original complaint.

Such argument was not contained in the Rule 60(b) motion, nor does the record reveal its presentation to the trial court. It cannot now be presented on appeal. Penn. Mut. Life Ins. Co. v. State, 223 Ala. 332, 135 So. 346. However, if

**72**

properly presented on this appeal it would not prevail.

 The theory upon which appellant presents such argument is that as a third party defendant, it is entitled by Rule 14, ARCP, to assert against plaintiff any defenses which the third party plaintiff has to plaintiff's claim. Appellant says that it is entitled to have the default judgment on the third party complaint set aside because had it appeared and pleaded to the original complaint it could have prevented judgment in that case. Such argument overlooks the posture that appellant was in when it moved the trial court for relief. Appellant having defaulted is entitled to relief only from that judgment against it in the third party complaint. The court having jurisdiction of the parties and the claim in the original case had entered a judgment in favor of defendant and third party plaintiff by consent of the parties. Had appellant not been in default, it could not have prevented such judgment. As a general rule the original plaintiff and defendant are not prohibited from settling their dispute because of the presence of any impleaded third party under Rule 14. The purpose of permitting the third party defendant to plead any defense to the original complaint available to defendant and third party plaintiff is to protect the third party defendant from third party plaintiff's failure or neglect to assert a proper defense to plaintiff's action. If third party defendant fails to take advantage of such right, he is bound by the adjudication of the main claim. Knell v. Feltman, 85 U.S.App. D.C. 22, 174 F.2d 662. However, if third party defendant has no opportunity to contest the main action as in a consent judgment, between plaintiff and defendant, there is no binding effect. Moses-Ecco Co., Inc. v. Roscoe-Ajax Corp., 115 U.S.App.D.C. 366, 320 F.2d 685. In event of settlement of original action, the settlement or admission of liability would not be binding on the third party defendant and the third party action would continue. Jennings v. United States, 4 Cir., 374 F.2d 983.

Appellant cannot here use defendant's defenses to the main action as a ground for setting aside a default in his own case. Such defenses were waived by defendant in the consent judgment. That judgment is final as between the parties and would not have been binding upon third party defendant had it appeared, exercised its pleading rights and not defaulted. A judgment in the main action is not binding on third party defendant unless he is presented the opportunity to appear and assert defendant's defenses. 3 Moore's Federal Practice, 2d 3d. Sec. 14.13. In this case, appellant could only rely on its own meritorious defenses to the third party action in seeking to set aside the default against it. Were it otherwise, it would, in effect, be asking the setting aside of the consent judgment between plaintiff and defendant.

Having found no abuse of discretion by the trial court in denying the Rule 60(b) motion, the judgment is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.