This is an appeal filed on December 22, 1976, by the appellant (plaintiff below) seeking reversal of a judgment for $35,000 rendered in favor of appellee (defendant below) on September 14, 1976, and seeking reversal on account of the denial of his various motions filed in the original cause.
Appellant sued appellee on October 15, 1974, for $3,500 on an account demanding a jury trial. On April 23, 1975, appellee counterclaimed for $35,000 against the appellant. On the day set for the jury trial, September 14, 1976, appellant's attorneys of record withdrew from representing appellant and the cause was submitted to the judge for trial, without a jury. The trial resulted in a judgment for the defendant for $35,000. There then ensued the appellant's various motions and orders thereon which will be referred to herein below.
First, the appeal from the original judgment of September 14, 1976, is untimely, because appellant's motion for new trial was denied on October 8, 1976, and the appeal was taken more than 42 days thereafter on December 22, 1976. Rule 4, Alabama Rules of Appellate Procedure.
Second, appellant's appeal from the denial of his motion nunc pro tunc and the denial of his motion for an order of the court to cause him to be returned to court for trial, all of which were denied on November 12, 1976, is timely. Appellant is also timely on his appeal from the denial of his Rule 60 (b) motion on December 6, 1976. Rule 4, Alabama Rules of Appellate Procedure.
On the merits, we find no reversible error in the denial of the appellant's nunc pro tunc motion nor of the denial of his motion for habeas corpus ad testificandum. Nunc pro tunc motions, formerly authorized by Tit. 7, §§ 566-567, Code of Alabama 1940, were superseded by the Alabama Rules of Civil Procedure. See "Statutes and Rules Superseded," p. 329, Alabama Rules of Court 1977. See Committee Comments to Rule 60, Alabama Rules of Civil Procedure. Moreover, appellant does not complain about any clerical mistake on this appeal.
Under Tit. 15, § 1, Code of Alabama 1940 (now § 15-21-1, Code of Alabama 1975), since the appellant is in the federal penitentiary it seems clear that the federal courts have exclusive jurisdiction over appellant and that he cannot prosecute this type of writ in the state court.
The essence of appellant's argument on this appeal appears to be the denial of his Rule 60 (b) motion. His contention is that the judgment in favor of appellee on its counterclaim is erroneous. We cannot agree. First, the law is clear in Alabama that the grant or denial of a Rule 60 (b) motion is a matter within the discretion of the trial court subject to reversal only upon an abuse thereof. Modernage Homes v. Wooldridge,55 Ala. App. 68, 313 So.2d 190 (1975). Second, the appellant must allege and prove a meritorious defense in order to be entitled to a reversal of the trial judge's denial of the 60 (b) motion.Id. Appellant has failed in both respects. In the first place, we cannot say that the trial judge abused his discretion in denying the motion. Moreover, appellant has failed to allege or prove the requisite meritorious defense.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur. *Page 1344