[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1171 
This is an appeal from denial of a Rule 60 (b) motion, ARCP. We affirm.
The judgment sought to be set aside by a Rule 60 (b) motion denied workmen's compensation benefits to Joan Gallups as the widow of the deceased employee of United States Steel Corporation. The basis for denial of benefits was that the deceased's own conduct (intoxication) was the proximate cause of his death.
The 60 (b) motion was filed by counsel other than trial counsel less than ninety days after judgment. The motion stated that it was filed under 60 (b)(2) and 60 (b)(6). The 60 (b)(2) ground of newly discovered evidence was delineated as a report of an investigation of the accident resulting in the death of the deceased made by the Occupational Safety and Health Administration (OSHA). The report was alleged to establish or tend to establish that the death of the deceased was caused by road conditions rather than intoxication. It was further alleged that the report contained statements of multiple witnesses which rebutted the intoxication of the deceased and that U.S. Steel knew of the information in the report at the time of trial and failed to disclose it.
The trial court heard and considered the motion with the exhibits attached and certain stipulations and exhibits presented in response to the motion. The motion was denied.
Preparatory to discussion of the issues presented, we will briefly refer to the evidence presented in the original case.
The deceased was a 32-year-old employee of U.S. Steel. On February 13, 1976, he was employed as driver of a heavy truck moving hot slag from the area of a furnace producing steel to a disposal yard some mile or more distance away. The entire trip was within the property of U.S. Steel. At the time of the accident, the truck with load weighed about 70,000 pounds and was proceeding on an unpaved road with a slight downgrade. As the truck entered a slight curve it continued in a straight line without evidence of braking, over an 18-inch berme and turned bottom up into a 10-foot ditch. The hot slag ignited the cab of the truck and the deceased burned to death.
Deceased had reported to work on the day of his death at about 2:30 P.M. after consuming at least two bottles of beer with his lunch. Blood sample taken at autopsy and examined by the Department of Toxicology disclosed ethyl alcohol content of 0.29%. This was sufficient alcohol to cause extreme intoxication.
It was from such evidence that the trial court determined death to have been caused by intoxication. It is to be recognized that this appeal presents for review only the correctness of the judgment denying the 60 (b) motion and in no manner reviews the correctness of the final judgment after trial. Coosa Marble Co. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975). In considering the action of the court upon a Rule 60 (b) motion we look only to determine if there has been an abuse of discretion. Modernage Homes v. Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975).
Appellant contends that the discovery of the OSHA report presents sufficient ground for relief from the judgment under 60 (b)(2). Without commentary upon the reliability or admissibility of the contents of that report, the court did not erroneously reject it as "newly discovered" evidence. That report was issued on April 28, 1976, slightly over two months from the date of the accident. The case was tried on November 8, 1976 with appellant being represented by one of the most capable partners in one of the most outstanding plaintiff law firms in the state. There is no indication that the matters referred to in the OSHA report were not fully investigated and considered by trial counsel. There certainly is no indication that such information could not have been discovered by due *Page 1172 
diligence. The evidence termed "newly discovered" by the rule is that which was not known at time of trial and could not have been discovered by due diligence in time to move for a new trial. Moody v. State, 344 So.2d 160 (Ala. 1977). The burden is on the moving party to show that he now has such "newly discovered" evidence and why through due diligence it was not discovered in time to seek a new trial under Rule 59, ARCP.Plisco v. Union R.R., 379 F.2d 15 (3rd Cir. 1967). The trial court did not abuse its discretion in determining that the ground of newly discovered evidence was not sufficiently established.
Appellant further contends that relief from the judgment was due her under Rule 60 (b)(3) (fraud and misrepresentation). She charges that U.S. Steel substantially altered the road and scene of the accident thereafter.
We are unable to follow this contention. Even if it were shown to be true that U.S. Steel altered the road after the accident and such alteration was admissible in evidence, we are unable to discern fraud unless such alteration was for the purpose of presenting false information or conclusions as to the conditions at the scene when the accident occurred. Appellant does not allege nor show that the condition of the scene was misrepresented by U.S. Steel or that such alteration was clandestine and made for the purpose of hiding the true condition. For aught that appears the work stated to have been done was to repair for further use. We find no basis for error there.
Appellant next contends right to relief under 60 (b)(6). The essence of this contention is that the finding of cause of death due to intoxication in the judgment is not supported by legal evidence. This contention is nothing more than an effort to substitute Rule 60 (b)(6) for an appeal. Rule 60 (b)(6) is an extreme and powerful remedy and should be used only under extraordinary circumstances. Ackermann v. United States,340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). It is not available to relieve from failure of a party to exercise the right of appeal. Tichansky v. Tichansky, 54 Ala. App. 209,307 So.2d 20 (1974).
Though unnecessary, we state that we do not agree that the evidence of the amount of alcohol in the blood of deceased was illegal for any reason argued by appellant.
We find no abuse of discretion in the denial of appellant's Rule 60 (b) motion and affirm the judgment of the trial court.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.