The Circuit Court of Dale County refused to set aside a prior decree of the Inferior Court of Dale County, Alabama. The plaintiff appeals and we affirm.
The dispositive issue on appeal is whether the trial court erred in refusing to set aside a judgment rendered five years earlier. We find no error and affirm.
The parties were divorced in July of 1973. The decree, rendered after an ore tenus hearing, provided that the parties were divorced; custody of the minor children was awarded to the wife; and a division of property was made. A division of fifty-two acres of land was accomplished as follows:
 "One half of his [husband's] rights, title and interest in and to the said land is vested in the Respondent, Edna McSween, and the remaining one half of his rights, title and interest in said land is vested in his children, share and share alike. . . ."
Thereafter, in March of 1978, the plaintiff-husband filed a petition in the Circuit Court of Dale County to set aside that portion of the 1973 divorce decree relating to the aforesaid fifty-two acres of land.
The plaintiff-husband alleged that the parties to the divorce were only the husband and wife; that of the parties' nine children only two were minors at the time of the divorce. Additionally, the husband alleged that the trial court "granted affirmative relief" to all nine children. Specifically, the plaintiff in his March, 1978, petition stated:
 "That the Court granted affirmative relief . . . even though they were not parties to the suit and had not been served and were not before the Court
 "(9) Plaintiff alleges that the Court was without jurisdiction to grant relief to parties who were not before the Court. Therefore,
 "THESE PREMISES CONSIDERED, Plaintiff prays judgment against the Defendants by setting aside, annulling or declaring void that portion of the decree *Page 295 
rendered by the Inferior Court of Dale County, Alabama, on the 13th day of July, 1973, which divested the Plaintiff of his interest in the above described property and vesting said interest in parties who were not before the Court and who were not entitled as a matter of law to reap any benefits from the Inferior Court of Dale County, Alabama, under said cause."
Thereafter, the trial court, after an ore tenus hearing, entered the decree from which this appeal is taken. This decree in pertinent part provided as follows:
 "8. [T]hat on the 17th day of March, 1978, the plaintiff filed this suit, naming his children as party defendants, seeking to set aside, annul, or declare the above provision of the decree rendered by the Inferior Court of Dale County, Alabama, void.
 "9. This Court finds that the Inferior Court had jurisdiction over the parties, the marital res, and the property of the parties, and as such, had the authority to enter order or decrees concerning the property of the parties; that in the event J.D. McSween was of the opinion that the Inferior Court abused its discretion or erred as a matter of law in disposing of said property, the proper remedy to review said decree was by way of appeal and that the said provision of the decree divesting Mr. McSween of any interest he had in the aforementioned 52 acres cannot be annulled by collateral attack some 4 and one-half or 5 years later.
 "Therefore, it is ORDERED, ADJUDGED and DECREED that the plaintiff is not entitled to the relief herein prayed for and the decree of the Inferior Court of Dale County, Alabama, is to remain in full force and effect."
It is clear to this court that the only avenue for relief upon which the plaintiff can travel is Rule 60 (b) of ARCP or an independent action collaterally attacking the five year old judgment.
At the outset, we note that this appeal presents for review only the correctness of the judgment denying the plaintiff's 60 (b) motion and in no manner reviews the correctness of the 1973 decree of divorce. See Gallups v. United States Steel Corp., Ala.Civ.App., 353 So.2d 1169 (1978); Coosa Marble Co. v.Whetstone, 294 Ala. 408, 318 So.2d 271 (1975). We additionally note that in considering the action of the trial court upon a Rule 60 (b) action, we look only to determine if there has been an abuse of discretion. Gallups, supra; Modernage Homes v.Wooldridge, 55 Ala. App. 68, 313 So.2d 190 (1975).
With the above in mind, Rule 60 (b)(1), (2), and (3) can afford no relief to plaintiff. For relief to be granted under these provisions, the petition seeking relief must be filed not more than four months after the judgment was entered or taken. In this instance, the petition was filed over four years after the judgment was entered.
Rule 60 (b)(5) is clearly not applicable in the instant appeal, nor is it contended by plaintiff that it is.
Rule 60 (b)(4) states that the court may relieve a party from a final judgment if the judgment is void. Plaintiff contends, as we perceive his argument, that the judgment is void in this instance because the trial court awarded property to persons not joined in the action, i.e., plaintiff's children who had reached majority. Plaintiff further argues that since these indispensable parties were not before the court, the court lacked personal jurisdiction to render its decree and thus the judgment is void. We disagree because, as set forth below, the court had jurisdiction and, more importantly, plaintiff's remedy at the time of the alleged error was appeal.
The error of which plaintiff complains is clearly not jurisdictional. See, e.g., Wright Miller, Federal Practiceand Procedure: Civil § 1611 (1973). This is so because, even assuming plaintiff's adult children were in fact indispensable parties, the fact remains that both plaintiff and his wife were present before the court and subject to its jurisdiction. See,e.g., 1966 Advisory Committee Note, 39 F.R.D. 89 (1966). Thus, the court had power to adjudicate *Page 296 
their rights with respect to the divorce proceedings, including a division of property. As stated in Wright Miller, supra at 117:
 "[T]he indispensability question * * * is not, nor has it ever been jurisdictional, in the technical sense of the term. * * The framers of the new Rule 19 * * * specifically emphasize that the Rule calls for determining whether the court ought to proceed without the absent party, not whether it has jurisdiction to proceed against those who are present." (Emphasis supplied.)
Given this reasoning, we find no merit to the contention that the trial court's decree was void for lack of jurisdiction.
Furthermore, plaintiff's proper remedy when the decree was rendered was appeal. To this court, the trial court's action, in this instance, in dividing the property of the parties may well have been error. Put another way, the trial court may have abused its discretion in the division of property in the July, 1973, decree of divorce. However, such error did not make the decree void so as to render it vulnerable to collateral attack. The proper method to review a trial court's abuse of discretion in a divorce proceeding is appeal. See Monroe v. Monroe, Ala.Civ.App., 356 So.2d 196 (1978). The law of Alabama does not entitle a party to relitigate issues which were raised or could have been raised in a prior suit. Anderson v. Moorer,372 F.2d 747 (5th Cir. 1967).
In view of the above, plaintiff is not entitled to relief under Rule 60 (b)(4).
The remaining provision of Rule 60 (b) is 60 (b)(6). Again, the plaintiff is not entitled to relief under this provision.
As our Presiding Judge Wright stated in Gallups, supra at 1172: "Rule 60 (b) is an extreme and powerful remedy and should be used only under extraordinary circumstances. . . . It is not available to relieve from failure of a party to exercise the right of appeal." See Tichansky v. Tichansky, 54 Ala. App. 209,307 So.2d 20 (1974), cert. denied, 293 Ala. 775, 307 So.2d 24
(1975). In this instance, clearly appeal was available to the plaintiff. We therefore find the plaintiff is not entitled to relief under Rule 60 (b)(6).
If the petition of the plaintiff is to be treated as an independent action, such petition comes too late. Such a petition must be brought within a reasonable time not to exceed three years after entry of judgment. See Rule 60 (b) ARCP. Here, as indicated earlier, the petition was brought over four years after entry of judgment.
In view of the above, the decree of the learned trial judge is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.