Mr. Ingram, the defendant, appeals from the denial of his Rule 60 (b)(1), ARCP, motion.
The trial court had previously entered a summary judgment in favor of WAAY, the plaintiff, upon an account. Prior to the summary judgment, no affidavit or other evidence was offered by defendant which countered the affidavit on behalf of the plaintiff. After the rendition of the summary judgment, Mr. Ingram promptly filed, and later amended, the subject motion alleging in substance that he did not file a counter-affidavit because of a mistake in docketing the date of the hearing upon the plaintiff's motion for a summary judgment. As his meritorious defense, he alleged in his motion that the debt in controversy was only incurred by him as agent for one of two corporations and that, therefore, he was not liable for the account. Thus, his motion contended for relief from the summary judgment on the ground of mistake, and the defendant's affidavit filed with his amended motion solely covered his motion's averments pertaining to the agency defense. The record discloses no evidence by affidavit, or otherwise, which supports the allegations of the motion as to mistake. After a hearing upon the defendant's Rule 60 (b) motion, the trial court ordered that the summary judgment remain in full force and effect as originally entered, the tenor of the order being that the defendant's motion was overruled. Hence this appeal.
More than forty-two days expired between the rendition of the summary judgment and the notice of appeal. The filing of a post-trial motion pursuant to Rule 60 (b) does not suspend the running of the time for filing a notice of appeal. Cockrell v.World's Finest Chocolate Co., Inc., Ala., 349 So.2d 1117
(1977). Thus, we are not concerned with the appropriateness of the granting of the summary judgment, which was admittedly due to be rendered under the posture of the case at the time of the submission of the plaintiff's motion for a summary judgment. However, an appeal lies from an order denying a Rule 60 (b) motion whereby the correctness of the order denying the motion may be reviewed, but the rightness of the summary judgment cannot be considered. Cockrell v. World's Finest Chocolate Co.,supra; Coosa Marble Co., Inc. v. Whetstone, 294 Ala. 408,318 So.2d 271 (1975). Therefore, we have for decision only the appropriateness of the overruling of the defendant's Rule 60 (b) motion.
The granting or denial of a Rule 60 (b)(1) motion is within the judicial discretion of the trial court, and its decision thereon may be reversed only for an abuse of discretion.Whitehead v. Georgia Pacific Corp., Ala., 352 So.2d 1342
(1977); Gallups v. U.S. Steel Corp., Ala.Civ.App., *Page 67 353 So.2d 1169 (1978); Modernage Homes v. Wooldridge, 55 Ala. App. 68,313 So.2d 190 (1975). The overruling of the defendant's motion on the ground of mistake is not an abuse of discretion for no proof upholding that ground appears in the record. Marsh v.Marsh, Ala.Civ.App., 338 So.2d 422 (1976); Modernage Homes v.Wooldridge, supra.
In deference to earnest contentions of defendant's learned counsel, we point out that the defendant's affidavit filed with the amended Rule 60 (b) motion cannot now be considered as a counter-affidavit to the plaintiff's motion for a summary judgment even if we had under review the summary judgment itself. The summary judgment had been rendered without any counter-affidavit being filed. Only if the defendant had been relieved from the consequences of the summary judgment under his 60 (b) motion could the trial court then consider any counter-affidavit thereafter timely filed in any rehearing and resubmission of plaintiff's motion for a summary judgment.
The foregoing opinion was prepared by Retired Circuit Judge Edward N. Scruggs while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.