This case involves an A.R.C.P. rule 60 (b)(6) motion to set aside a divorce judgment.
The husband's complaint, wife's answer and waiver, and all necessary instruments were filed on June 5, 1979, with the divorce judgment being rendered on the following day. On March 4, 1980 the wife filed her motion for relief from that judgment, alleging, among other things, that the husband misrepresented material facts in the securing of the divorce and perpetrated a fraud upon the court and upon the wife. The trial court overruled her motion after an ore tenus evidentiary hearing thereon. The wife appeals.
At the motion hearing she testified:
 When we agreed on the divorce the understanding that I had from him was that we would sign the divorce, take a month and talk about it and if the problem could be worked out the divorce would be throwed [sic] aside. If it could not be worked out, he would call the lawyer and have it sent through.
The husband denied any such understanding. She stated that, while she realized in October 1979 that the divorce was final, she did not see a copy of the divorce judgment until February 1980. The husband swore that he personally handed her copy of the divorce to her approximately two weeks after it was entered. This was her second divorce.
His complaint alleged, and his divorce evidence was, that the parties separated on July 7, 1978. She contests that separation date, contending that it was false evidence and constituted a fraud upon the court. At her motion hearing, her testimony was that the parties did not separate until August 1979. He testified that, while they resided under the same roof, their troubles commenced in July 1978; that they had not occupied the same bedroom for four and one-half months before the divorce was rendered; and that they had not exercised their conjugal rights for several months before she moved from the house. Generally, such facts were disputed by her.
The record discloses no facts which adequately establish a fraud upon the court under rule 60 (b). Stewart v. Stewart,392 So.2d 1194 (Ala.Civ.App.), cert. denied, 392 So.2d 1196 (Ala. 1981).
Only sufficient facts have been related herein to indicate that the evidence was in bitter dispute. Where a trial is personally before the trial court and the evidence conflicts, the customary presumption applies as to the correctness of the trial court's findings of fact, and we are not authorized to substitute our judgment for that of the trial court unless it is palpably wrong, not supported by the evidence or manifestly unjust. Cotton States Mutual Insurance Co. v. Conner,387 So.2d 125 (Ala. 1980); 2A Ala. Digest, Appeal Error Key 1010 (2). The trial court has a judicial discretion to exercise in ruling upon rule 60 (b) motions, and we can reverse only for an abuse thereof. Ingram v. WAAY Television, 394 So.2d 65 (Ala.Civ.App. 1981). Here, we find no abuse of discretion. The judgment of the trial court is neither palpably wrong nor unjust. Competent evidence supports it. We affirm. *Page 275 
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.