The circuit court refused to set aside a prior decree of divorce. The wife appeals and we affirm.
The dispositive issue is whether the trial court erred in refusing to set aside the prior decree of divorce.
We do not deem it necessary nor prudent to detail the facts of the instant appeal. The following is pertinently revealed by the record.
The parties divorced in 1979. An agreement regarding a division of property and alimony was incorporated into the divorce decree. The agreement was later modified by agreement of the parties. This modification occurred more than six months after the original decree. The wife thereafter sought additional modifications but was unsuccessful.
In October of 1981, the wife filed a rule 60 (b), Alabama Rules of Civil Procedure, motion seeking relief from the divorce decree. The basis of her motion was that the agreement regarding the division of property and alimony was arrived at as a result of fraud and/or undue influence.
The trial court held an ore tenus hearing and found the wife's motion was not timely and, further, that the evidence did not support the wife's claim of fraud and/or undue influence.
As indicated, the wife through able counsel, appeals the trial court's ruling.
The appeal presents for review only the correctness of the judgment denying the wife's 60 (b) motion and in no manner reviews the correctness of the 1979 divorce decree. See CoosaMarble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975);Gallups v. United States Steel Corp., 353 So.2d 1169
(Ala.Civ.App. 1978). We also note that in considering the action of the trial court upon a 60 (b) motion, we look only to determine if there has been an abuse of discretion. Gallups v.United States Steel Corp., supra; McSween v. McSween,366 So.2d 293 (Ala.Civ.App. 1979); Modernage Homes v. Wooldridge,55 Ala. App. 68, 313 So.2d 190 (1975).
Rule 60 (b)(1), (2), and (3) can afford no relief to the wife. A petition seeking relief under these provisions must be filed not more than four months after the *Page 1281 
judgment was entered or taken. McSween v. McSween, supra. In this instance, the petition was filed over two years after the judgment was entered.
Rule 60 (b)(4) and (5) are not applicable in the instant appeal, nor is it contended by the wife that they are.
The wife in brief contends that relief could and should be granted pursuant to rule 60 (b)(6). We do not agree.
Rule 60 (b)(6) is mutually exclusive from other rule 60 (b) motions. See Charles Townsend Ford, Inc. v. Edwards,374 So.2d 900 (Ala.Civ.App. 1979). In the instant case the relief sought falls clearly within the purview of either 60 (b)(1) or (2) or (3). Hence, rule 60 (b)(6) would not be available to the wife.
In addition, relief is available under rule 60 (b)(6) only under the most extraordinary and compelling circumstances.Charles Townsend Ford, Inc. v. Edwards, supra; Pace v. Jordan,348 So.2d 1061 (Ala.Civ.App.), cert. denied, 348 So.2d 1065
(Ala. 1977). The facts of the instant case do not indicate such extraordinary and compelling circumstances. We note that the original judgment was altered by modification on one occasion and that relief from the judgment was sought by the wife on other occasions.
In any event, the trial court has wide discretion in its determination of whether to grant relief pursuant to rule 60 (b)(6) and it will not be reversed on appeal absent abuse of discretion. See Pierson v. Pierson, 347 So.2d 985 (Ala. 1977);Blackmon v. W.S. Badcock Corp., Inc., 342 So.2d 367
(Ala.Civ.App. 1977). After a review of the record, we cannot say that the trial court abused its discretion in refusing to grant relief.
We additionally note that if the petition of the wife is to be considered as an independent action, such petition could also have been treated by the trial court as untimely. We should not be understood as finding the wife's petition to be an independent action. In fact, it appears that all parties and the trial court treated the petition as a rule 60 (b) motion. In any event, the petition if so construed must in general be brought within a reasonable time not to exceed three years after entry of the judgment. See rule 60 (b), A.R.Civ.P. Here, the petition being filed over two years from entry of judgment could, under the instant facts, be found to have been untimely. Put another way, the trial court would have been within its discretion in so finding.
Lastly, we comment that the evidence was conflicting regarding the alleged undue influence or fraud. Suffice it to say there is evidence to support the trial court's conclusion of no such undue influence or fraud that required the judgment to be set aside.
The case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.