EDWARD N. SCRUGGS, Retired Circuit Judge.
This is an A.R.Civ.P. Rule 60(b) proceeding.
Through a September 17, 1981, final divorce judgment, the wife was awarded a house and ten acres of land and was required to pay the outstanding indebtedness thereon. The register failed to notify the husband, or his attorney, of the rendition of the judgment. Upon a telephone inquiry by the husband’s attorney in the first half of November, the register informed the attorney that the file was in the judge’s office. The wife’s attorney, who had received a copy of the divorce judgment, informed her opponent on November 13, 1981, that the judgment had been entered on September 17, and she promptly mailed a copy thereof to him, which he received on November 14.
On November 18, 1981, the husband filed his Rule 60(b) motion to set aside the final judgment, alleging that, by reason of his failure to timely receive a copy of the divorce judgment, he was deprived of his right to file a motion for a rehearing and that he was deprived of his right to appeal since more than forty-two days had expired before he was aware of the rendition of the divorce judgment. He further alleged and proved at the hearing that, after the divorce trial, the trial court stated from the bench that it would probably have an appraisal made of the real estate owned by the parties, that, thereafter, the court requested the wife’s attorney to recommend an appraiser and arrange for an appraisal of the property, which was done. The court received the appraisal dated July 17, 1981, but neither of the parties nor attorneys received a copy thereof nor any notice concerning the appraisal. Without further proceedings, the trial court rendered the September 17 final judgment.
The trial court overruled the husband’s 60(b) motion, and the husband appeals. In actuality, the issue before this court is whether the denial of the motion to set aside the judgment was an abuse of discretion. In reviewing the overruling of the *140 60(b) motion, this court is not concerned with whether the trial court was correct or not in the award of the property to the wife through the divorce judgment. The appropriateness of the overruling of the husband’s 60(b) motion is the only matter under review. Cockrell v. World’s Finest Chocolate Co., 349 So.2d 1117 (Ala.1977); Coosa Marble Co. v. Whetstone, 294 Ala. 408, 318 So.2d 271 (1975).
To obtain relief under 60(b), except upon the ground of a void judgment, a meritorious defense to the action and one of Rule 60(b)’s grounds must both be alleged and proved. Fraizer v. Malone, 387 So.2d 145 (Ala.1980); American Home Assurance Co. v. Hardy, 378 So.2d 710 (Ala.1979).
All of the husband’s testimony as to the value of the property and which attacked the appraisal itself was as follows:
“Q. Would you like to have submitted additional testimony, expert testimony about the value of the property had you had notice of this appraisal?
A. Well, most of the time an appraisal is always lower.
Q. The question was, would you have liked to have submitted additional expert testimony about the value of the land?
A. Yes, I would, because I think the land is worth more than that. I think the property there is worth more than that....
Q. Have you ever had any training or any work in property appraisal?
A. No, Ma’m.”
At the hearing on his motion, the husband could have presented evidence as to the value of the property, even that of the real estate agent who appraised the property, but no such evidence was here offered or given. The husband did not present his opinion, or the opinion of anyone, as to the reasonable worth of the real estate.
In ruling upon a Rule 60(b) motion, the trial court exercises a judicial discretion (except where the ground is a void judgment), and its decision thereon will not be overturned on appeal unless that discretion was abused. Ex parte Hartford Insurance Co., 394 So.2d 933 (Ala.1981); Tucker v. Tucker, 403 So.2d 273 (Ala.Civ.App.1981); Ingram v. WAAY Television, 394 So.2d 65 (Ala.Civ.App.1981). The husband offered no real evidence that there was anything materially wrong as to the substance of the appraisal. The trial court could have readily ascertained that a different division of the property was not occasioned by the appraisal or that a different result would not have been reached as a result of the evidence offered pertaining to the husband’s motion. Indeed, that court must have been of the opinion that the granting of relief from the final judgment was not appropriate in order to further justice in this case; otherwise the relief would have been granted.
The trial court exercised its discretion and did not abuse it in overruling the husband’s Rule 60(b) motion. We affirm.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama (1975), and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.