The trial court granted a rule 60 (b)(6), Alabama Rules of Civil Procedure, motion and modified a divorce judgment by altering the division of property contained therein.
The parties were divorced by a judgment dated May 28, 1980 after a January 1980 contested trial before the circuit court. That judgment made the following awards of real property to the wife: the home of the parties subject to its mortgage, twenty acres of land, and a lot in Gulf Shores.
The husband filed his motion on June 16, 1980 to reconsider the judgment on the grounds that it was contrary to the law and the evidence, that it was inequitable and unfair and that it was contrary to a statement which had been made by the trial court when the evidence was concluded as to the terms and provisions of the judgment that would subsequently be rendered. The trial court took that motion under advisement but never ruled thereon. Consequently, it was overruled by operation of rule 59.1, A.R.Civ.P. No appeal was taken from the original divorce judgment nor from the automatic overruling of that motion to reconsider.
On November 16, 1981 the husband filed a rule 60 (b)(6) motion for relief from the May 1980 judgment on virtually the identical grounds which were contained in his June 1980 motion. No evidence was taken of and concerning the motion. The trial court granted the 1981 motion and modified the 1980 judgment as to the property adjudged to the wife. Thereby, she received only the right to exclusive possession of the home, but she was still awarded the lot in Gulf Shores. However, the husband was given the twenty acres which had been originally granted to the wife by the divorce judgment.
The wife appeals from the modification judgment and raises as the only issue herein the propriety of the trial court in granting the husband's 60 (b)(6) motion. The appeal is not taken from the granting of that motion but from the modification judgment. That is correct and proper appellate procedure, for the order granting the motion was interlocutory in nature and would not support an appeal. Fisher v. Bush,377 So.2d 968 (Ala. 1979); Nunn v. Stone, 356 So.2d 1212
(Ala.Civ.App. 1978); Sullivan v. Speedway Oil Co.,352 So.2d 1383 (Ala.Civ.App. 1977). The modification judgment was a final judgment and, upon an appeal therefrom, this court may consider, as a proper issue for our decision, the validity of the granting of the 60 (b)(6) motion. Nunn v. Stone, supra, footnote 2 at page 1214.
In this case there is no question or doubt but that the husband's motion is clearly and exclusively based upon rule 60 (b)(6).
The dispositive question is whether the effect of the husband's motion was an effort to substitute rule 60 (b)(6) for an appeal. Most learned and respected counsel for the husband contends that such is not the case here presented. We respectfully disagree and reverse.
Regarding any statement made by the trial court at the end of the trial being contrary to the actual judgment, a judgment may be rendered by the circuit court only as is provided by A.R.Civ.P. 58 (a). Each of the rendition methods therein stated discloses that the judgment be in writing. An oral judgment relative to a division of property in a divorce case is unknown, unauthorized and ineffective in Alabama. The oral statement of the trial court had no lawful field of operation in dividing the property and, insofar as the record and motion here disclose, it is legally immaterial that the oral statement and the subsequent written final judgment might have differed. The May 1980 judgment prevailed over the remarks which were uttered from the trial bench in January 1980. *Page 880 
We deem the following excerpt from McSween v. McSween,366 So.2d 293, 296 (Ala.Civ.App. 1979) to be so pertinently applicable as to be dispositive of the issue in controversy:
 "Furthermore, plaintiff's proper remedy when the decree was rendered was appeal. To this court, the trial court's action, in this instance, in dividing the property of the parties may well have been error. Put another way, the trial court may have abused its discretion in the division of property in the July, 1973, decree of divorce. However, such error did not make the decree void so as to render it vulnerable to collateral attack. The proper method to review a trial court's abuse of discretion in a divorce proceeding is appeal. See Monroe v. Monroe, Ala.Civ.App., 356 So.2d 196 (1978). The law of Alabama does not entitle a party to relitigate issues which were raised or could have been raised in a prior suit. Anderson v. Moorer, 372 F.2d 747 (5th Cir. 1967).
 "In view of the above, plaintiff is not entitled to relief under Rule 60 (b)(4).
 "The remaining provision of Rule 60 (b) is 60 (b)(6). Again, the plaintiff is not entitled to relief under this provision.
 "As our Presiding Judge Wright stated in [Gallups v. United States Steel Corp., 353 So.2d 1169
(Ala.Civ.App. 1978)], `Rule 60 (b) is an extreme and powerful remedy and should be used only under extraordinary circumstances. . . . . It is not available to relieve from failure of a party to exercise the right of appeal.' See Tichansky v. Tichansky, 54 Ala. App. 209, 307 So.2d 20 (1974), cert. denied, 293 Ala. 775, 307 So.2d 24 (1975). In this instance, clearly appeal was available to the plaintiff. We therefore find the plaintiff is not entitled to relief under Rule 60 (b)(6)."
In the husband's motion it is averred that the original judgment was so unconscionable as to virtually strip the husband of all of his assets. That is the equivalent of averring, arguing and contending that the trial court abused its judicial discretion in rendering the original judgment as the property division. The husband could have reviewed that issue by taking an appeal within forty-two days of the entry of the final divorce judgment or within forty-two days of the overruling of his motion to reconsider. A.R.A.P. 4 (a). Any argument or issue relative to the inequity of the property division was definitely available to the husband by means of an appeal and appeal was the proper method to review such a contention. McSween v. McSween, supra. The husband's 60 (b)(6) motion was not an available vehicle to relieve him from his failure to appeal. The issue presented by the motion concerned no new controversy, but it was known to exist from the date of the entry of the original divorce judgment.
We find that the husband was not entitled to relief under A.R.Civ.P. 60 (b)(6) because of the absence of any reasonable lawful or equitable cause therefor, appeal having been his proper possible remedy. The trial court erred in granting the husband's 60 (b)(6) motion and in entering its January 4, 1982 judgment which modified the original judgment of May 28, 1980. This cause is reversed and the judgments of the circuit court which granted the husband's November 16, 1981 motion and which, on January 4, 1982, modified the original judgment of May 28, 1980 are hereby set aside and the original final judgment of May 28, 1980 is hereby fully reinstated. Gordon v. Halstead,283 Ala. 578, 219 So.2d 629 (1969); Ala. Code, § 12-22-70
(1975).
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10
(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND RENDERED.
All the Judges concur. *Page 881