EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a domestic relations appeal from a judgment of the trial court which overruled the husband’s posttrial motion.
The pertinent proceedings in the trial court in chronological order were as follows:
*111 1. A divorce judgment was rendered on October 8, 1982.
2. The husband filed his Alabama Rules of Civil Procedure rule 59 motion on October 27, 1982. He alleged that he was not informed of the date of the divorce trial, and he complained of the division of marital assets.
3. The husband orally amended his motion on March 29,1983 so as to, alternatively, seek to set aside the judgment, under the authority of rule 60(b)(1), A.R.Civ.P., using the same original averments.[1]
4. An ore tenus trial was held before the circuit court upon the motion on March 29, 1983. The evidence conflicted in almost every important area.
5. A final judgment, which denied and overruled the husband’s motion, was entered by the trial court on May 17, 1983.
6. The husband filed his notice of appeal on June 28,1983. Submission was had on November 9, 1983.
We affirm the action of the trial court for the reasons that follow.
As to the rule 59 aspect of the motion, it was overruled by operation of rule 59.1 in January 1983. Since the appeal was not taken until June 1983, it was not timely under Alabama Rules of Appellate Procedure rule 4(a)(3) so as to enable us to review the ruling upon the rule 59 motion. Olson v. Olson, 367 So.2d 504 (Ala.Civ.App.1979). Nevertheless, we opine that it was properly overruled upon its merits.
The other possible alternative of the motion fell under rule 60(b)(1), which motions must be filed within four months from the date of the final judgment. The oral amendment of the original rule 59 motion, which amendment attempted only to designate the October 27, 1982 motion alternatively as a rule 60(b) motion, was not made until almost five months had elapsed from the entry of the divorce judgment. The amendment came too late. Wilkerson v. City Sales Co., 374 So.2d 1333 (Ala.1979); McSween v. McSween, 366 So.2d 293 (Ala.Civ.App.1979). Also, a meritorious defense was neither alleged nor proved. AAA Sewing Machine Co. v. Shelby Finance Co., 384 So.2d 126 (Ala.Civ.App.1980). Furthermore, the matter of an equitable property division in a divorce case falls within the judicial discretion of the trial court and the proper method to review an alleged abuse of discretion in that regard is by an appeal and not by a rule 60(b)(1) motion, which cannot take the place of an appeal. McSween v. McSween, supra.
Finally, out of deference to learned counsel for the husband, we have reviewed and studied the entire file upon the merits, including the evidence. The ore tenus rule applies. While the evidence was in sharp conflict, there was an abundance of testimony which fully supported the trial court’s ruling upon the motion. It is clear that the circuit court did not abuse its discretion in overruling the husband’s motion. Tucker v. Tucker, 403 So.2d 273 (Ala.Civ.App.1981).
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.

. We do not determine the propriety of the oral amendment to the motion.