ADAMS, Justice.
This case involves the propriety of the dismissal of appellant’s claim set forth in a pleading styled “Petition of Verna M. Brewer to Contest the Estate of James Quinnie Loper, deceased,” by the Circuit Court of Washington County. The administration of the estate of James Quinnie Loper was first submitted to the Probate Court of Washington County on February 8, 1975, and letters of administration were issued on February 15, 1975. On September 20, 1976, the administration of the estate of James Quinnie Loper was removed from the Probate Court of Washington County to the Circuit Court of Washington County, pursuant to Code 1975, § 12-11-41. After the administration of the estate was completed, a hearing on final settlement was set for August 23, 1977, in the Circuit Court. On that day, the appellant, Verna M. Brewer filed a letter purporting to contest all that had been done in the estate of James Q. Loper, deceased, and claimed that the estate owed her $17,600.00 because the deceased owed her back rent for a period of fourteen and one-half years. This contest was made, presumably, pursuant to Code 1975, § 43-2-511. The Circuit Court of Washington County, on August 23, 1977, approved the final settlement in this estate and did not include or allude to Brewer’s letter of contest.
*943 Brewer did not appeal from the decree of the Circuit Court, nor did she file a motion to set aside, alter or amend the judgment, nor did she file a motion for new trial. She did, however, three years, eleven months and three days later, file the above styled petition to contest the final settlement of the estate. The judgment of the trial court, dismissing the petition is affirmed.
Brewer mistakenly thought that her letter, filed on the day for hearing on the final settlement, which she said that she could not attend because her husband was sick, somehow stayed the court’s ability to proceed to final resolution of the matters before it. It was because of this misconception, we presume, that she filed her last pleading, this time through an attorney, hoping to get the court’s attention. But the court had already acted. It was incumbent upon her, either individually or through her attorney, to file either an appeal within 42 days, or a motion to set aside, alter or amend the judgment, or a motion for new trial within the time required by law.
The only possible avenue now open to Brewer under the facts of this case is a motion invoking Rule 60(b), A.R.Civ.P. In order, to further the ends of justice, we will label Brewer’s last petition as such a motion.
Rule 60(b), A.R.Civ.P., has six subsections. Sections 1 through 4 are not available to appellant because they require action to be taken within four months. Section 5 is totally inapplicable to the facts in this case. Section 6, under appropriate circumstances, will allow relief from the operation of a judgment if the motion is filed within a “reasonable” time. Here again, we are bereft of facts going to show why it took so long for Brewer to file her last pleading. Her petition, premised on the mistaken thought that the Circuit Court was a viable vehicle to continue her attack on the final settlement, gives us no inkling of why it took her so long to file. While this court is liberal in its attitude toward relief from oppressive judgments, here the appellant did not require the services of a court reporter and we have no knowledge of what good reason, if any, the petitioner advanced to support her claim that the judgment should be set aside. As fair as we may like to be, we do not set aside judgments lightly; we must be convinced that there has been a miscarriage of justice. Howell v. D.H. Holmes, LTD., 420 So.2d 26, 28 (Ala.1982); Self v. Maynor, 421 So.2d 1279, 1281 (Ala.Civ.App.1982). See Ex parte Shuttleworth, 410 So.2d 896 (Ala.1981).
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, AL-MON and EMBRY, JJ., concur.