HOLMES, Judge.
This is a divorce case.
The trial court divorced the parties and awarded custody of the minor children to the wife. The husband was awarded certain visitation and required to pay child support and alimony. The husband appeals from the trial court’s decree. We find no error requiring reversal and affirm.
The husband raises several issues on appeal. First, the husband contends that the trial court erred in denying his motion to dismiss. Specifically, the husband alleges that service of process was insufficient, and furthermore, the trial court exercised jurisdiction in violation of the Parental Kidnapping Prevention Act of 1980 (P.K.P.A.), 28 U.S.C.A. § 1738A (West Supp.1983). Lastly, the husband contends that he was denied due process in that he did not receive notice of a hearing on his motion to dismiss and he was not given an opportunity to file an answer or counterclaim to the wife’s petition, and additionally, he was deprived of an opportunity to be heard on the merits prior to the trial court’s decision. We find no merit in any of the above contentions.
The following facts are pertinent:
The husband serves as a member of the U.S. Coast Guard. His domicile is in Florida. The parties were married in 1971’. In 1979, in the course of the" husband’s military service, the parties moved to New Orleans, Louisiana.
In March 1982, the parties separated and the wife filed for divorce in Louisiana. In April 1982, a consent judgment was entered in Louisiana by the agreement of both parties wherein, although not granting a divorce, custody of the two minor children was awarded to the wife along with child support, “temporary alimony,” and the marital home in New Orleans.
In December 1982, the wife and the children moved to Mobile County, Alabama. On July 15, 1983, some fifteen months after the consent judgment, the husband filed an answer and counterclaim to the Louisiana complaint.
In Mobile on July 25, 1983, the wife filed for divorce in the circuit court. Apparently, sometime between the wife’s move to Alabama and the sudden flurry of legal action in the summer of 1983, the husband left Louisiana and moved to Texas where he now resides.
On August 4, 1983, while in Mobile exercising his visitation rights pursuant to the Louisiana decree, the husband was served with the wife’s Alabama complaint. On the summons there was typed in bold letters, “NOTICE: YOUR CASE IS SET FOR A TRIAL ON THE MERITS FOR September 9, 1983, at 9:00 A.M., in the DOMESTIC RELATIONS DIVISION COURTROOM....”
On September 6, 1983, the husband filed a motion to dismiss supported with argument and authorities in the Mobile County Circuit Court. On September 9th, the day set for trial on the merits, the husband did not appear and the trial court proceeded without him. The trial court denied the husband’s motion to dismiss and then evidence was heard ore tenus on the merits. On September 22, 1983, the trial court entered its final judgment divorcing the parties. The Louisiana decree, as far as it concerned custody and support, was by order of the Alabama circuit court incorporated into the Alabama judgment.
*160 We will first address the husband’s contention that service of process was insufficient. The husband bases this claim on the fact that the summons and complaint were not served by a sheriff or deputy sheriff.
Rule 4.1(b)(2), Alabama Rules of Civil Procedure, provides that a private process server designated by the court may make service of process. In the instant case service was made by one Romoser of Ro-moser and Associates. On the cover of the summons under the space for defendant’s address are typed the words “To Be Served By Romoser.” Presumably, this was there when the summons was delivered to the process server by the clerk. It appears that return of service was proper.
The party challenging service of process has the burden of establishing its incorrectness by clear and convincing proof. Rule 4.1, A.R.Civ.P.; Modernage Homes v. Wooldridge, 55 Ala.App. 68, 313 So.2d 190 (1975). Here in the case at bar there was no proof or evidence offered that Romoser was not a duly appointed process server. There was only the bare allegation that Romoser was not a sheriff or deputy sheriff. This court is not aware of any requirement that a private process server’s qualifications must be affirmatively shown on the summons or other documents. Therefore, service of process was proper in this case.
Next, the husband contends that under the P.K.P.A., 28 U.S.C.A. § 1738A(g), the trial court was without jurisdiction to hear the case, and therefore, it was error to deny the motion to dismiss. More specifically, the husband maintains that there is still pending in Louisiana a case between the parties concerning child custody which would prohibit the Alabama court from proceeding.
The pertinent part of 28 U.S.C.A. § 1738A reads:
“(g) A court of a State shall not exercise jurisdiction in any proceeding for a custody determination commenced during the pendency of a proceeding in a court of another State where such court of that other State is exercising jurisdiction consistently with the provisions of this section to make a custody determination.”
We find that under the present facts the Louisiana case is not “pending” as contemplated by the P.K.P.A. so as to prohibit the Alabama court from exercising jurisdiction.
The Louisiana complaint was filed by the wife in March 1982. In April 1982, the parties agreed that the wife should have custody of the children. This agreement was incorporated into a consent judgment signed by the parties. The parties were never divorced, and soon after the consent judgment both parties left Louisiana to live in other states.
Over a year later, in July 1983, after residing in Mobile County with the children for over six months, the wife filed for divorce in the circuit court. A short time previously, ten days, the husband, for reasons not readily apparent, filed an answer/counterclaim to the Louisiana complaint. This occurred over fifteen months from the filing of the complaint and certainly over one year from the consent judgment.
Under the Louisiana judgment (which apparently is temporary or preliminary) custody had been awarded to the wife by consent of the husband. There is no indication from the record that any further legal action had been taken until almost fifteen months from the filing of the Louisiana suit. By that time both parties and the children had moved from Louisiana and taken up residence elsewhere. The husband now resides in Texas and claims Florida as his domicile. The wife, with the children, has taken up residence in Alabama; she has legal custody of the children by the husband’s consent. Alabama, it appears, is clearly the home state of the children. See P.K.P.A., 28 U.S.C.A. § 1738A(b)(4) (West Supp.1983). It appears that the only connection the parties have with Louisiana, other than the filing of the complaint and the consent judgment, is the fact that they temporarily lived there.
*161 The husband did not initially choose the Louisiana forum and he made no effort to prosecute his case or contest the wife’s complaint or the consent judgment until well over a year had elapsed from the filing of the complaint and the parties had left Louisiana. Were the parties to return to Louisiana now to litigate this matter, both the contestants and their children would be out-of-state residents.
It is the opinion of this court that under these facts and circumstances it is more in line with the intent and purpose of the P.K.P.A. to hold that a custody proceeding was not “pending” in Louisiana that would prohibit Alabama from exercising jurisdiction. Custody is, in effect, a settled issue as far as the Louisiana suit is concerned. It stretches the imagination to say that a custody issue was “pending” at the time of the Alabama proceedings so as to preclude Alabama from exercising jurisdiction merely because the husband had filed an answer and counterclaim to a complaint over one year old. This is especially true considering the fact that the husband had, in response to that complaint, consented to the wife’s retaining custody. As alluded to above, custody was a settled issue, by consent, until the husband chose to respond.
In fact, applying the above analysis, it would appear that any custody determination made by Louisiana at this time would not be consistent with the provisions of the P.K.P.A. See 28 U.S.C.A. § 1738A(c)(2) (West Supp.1983).
To briefly restate our position, under the instant facts, Alabama was the proper forum to decide custody of the minor children. See P.K.P.A., 28 U.S.C.A. § 1738A(b)(4) and (c) (West Supp.1983). As indicated, the “pendency” prohibition contained in subsection (g) of the P.K.P.A. was not applicable under the facts of this case. Therefore, the trial court did not err in denying the husband’s motion to dismiss.
Finally, we come to the husband’s contention that he was denied due process. The husband alleges that he was denied due process in that he did not receive notice of a hearing on his motion to dismiss, he was not given an opportunity to file an answer or counterclaim, and he was not given an opportunity to be heard on the merits.
The husband was properly served with process on August 4, 1983. The summons clearly set forth that trial on the merits would be held September 9, 1983. The husband filed a motion to dismiss on September 6, three days before the scheduled trial on the merits. The husband did not at any time request a hearing on his motion to dismiss. On the day set for trial the husband did not appear and did not contact the court to explain his absence or inquire about his motion. The trial court dismissed the motion and proceeded with the trial on the merits.
Rule 78, A.R.Civ.P., provides that unless there is a request for an oral hearing, the trial court may enter an order denying a motion to dismiss without a hearing. Clearly, since the husband did not request an oral hearing, the trial court was within its authority to deny the motion to dismiss without a hearing. Hence, the husband was not deprived of due process by lack of notice; no notice was required.
Rule 12(a), A.R.Civ.P., requires a defendant to answer a complaint within thirty days. The summons also contained an instruction to the effect that an answer must be filed within thirty days. Rule 12 also provides that a motion to dismiss alters the time for filing an answer. However, a different time may be fixed by order of the court. In the present case the trial court’s order setting the trial for September 9, 1983, thirty-seven days from the date of service on August 4, 1983, is sufficient notice to defendant that a different time has been fixed by the court in the event a motion to dismiss was filed. The husband filed his motion to dismiss three days before the scheduled trial, which date was known to the husband thirty-seven days in advance. Clearly, in such a situation the filing of a motion to dismiss would not alter the time for filing an answer. *162 The husband obviously had ample time to answer the wife’s complaint.
The above reasoning applies equally to the husband’s contention that he was deprived of an opportunity to be heard on the merits. The husband was served on August 4, 1983. The summons gave him notice that trial on the merits would be September 9, 1983, thirty-seven days later. The husband failed to appear. We cannot see how the husband was deprived of an opportunity to be heard on the merits; he knew of the trial date and refused to appear.
In view of the above, we find that the husband was not denied due process, nor did the trial court err in denying the husband’s motion to dismiss.
The wife has requested an attorney’s fee for representation on appeal. A fee of $500 is awarded.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.