HOLMES, Judge.
This is a petition for a writ of mandamus.
In October 1986 the family court determined Willie James Thomas to be the father of Jessica Wyoma Smith. No appeal was taken from this order.
In October 1987 Thomas filed in the family court a motion under Rule 60(b), Alabama Rules of Civil Procedure, to set aside the prior judgment, alleging that he was not represented by counsel at the paternity proceeding and that he had newly discovered evidence concerning the true identity of the child’s father.
After a hearing the family court denied Thomas’s Rule 60(b) motion. Thomas appealed to the circuit court, stating that he was appealing not only the October 1987 denial of his 60(b) motion, but also the October 1986 paternity determination.
On appeal the circuit court ordered the parties to submit to blood tests. The Alabama Department of Human Resources has petitioned this court in the main to issue a writ of mandamus to compel the circuit court to withdraw its order requiring blood tests.
Clearly, the state is entitled to relief because Thomas cannot appeal the October 1986 paternity determination. The time for filing a notice of appeal from a paternity determination is fourteen days, and Thomas’s notice of appeal was filed more than a year after the order establishing paternity. See Ala.Code (1975), § 26-17-20 (1986 Repl. Vol.). Therefore, the circuit court was in error when it ordered blood tests, the effect of which was to reopen the October 1986 paternity issue. See Spindlow v. Spindlow, 512 So.2d 918 (Ala.Civ.App.1987).
The only issue that may properly be before the circuit court is the October 1987 order which denied Thomas’s 60(b) motion. “While the denial of a Rule 60(b) motion is appealable, the rule is not a substitute for appeal and is not available to relieve a party from his failure to exercise the right of appeal.” McLeod v. McLeod, 473 So.2d 1097, 1098 (Ala.Civ.App.1985) (citations omitted). The underlying judgment, here establishing paternity, is not presented for review on appeal. McLeod, 473 So.2d 1097.
The only issue before the reviewing court, in this instance possibly the circuit court, is “whether the denial of the motion to set aside the judgment was an abuse of discretion.” Henson v. Henson, 421 So.2d 138, 139 (Ala.Civ.App.1982).
We are not to be understood, however, as holding that the circuit court necessarily has jurisdiction to entertain Thomas’s appeal of the denial of his Rule 60(b) motion. As the circuit court has not made any ruling concerning this matter, we need not at this time make that determination.
In view of the above, the writ is to be granted unless the circuit court within ten days withdraws its prior order requiring blood tests and sets a hearing, if appropriate, on the “appeal” of the denial of Thomas’s Rule 60(b) motion.
WRIT GRANTED CONDITIONALLY.
BRADLEY, P.J., and INGRAM, J., concur.