This is post-divorce litigation over the continuation of alimony.
In open court on January 21, 1976 the parties reached and dictated into the record an agreement as to the custody and support of Shelly, their minor daughter, a division of the property of the parties and alimony for the wife. The stipulated provisions, which were expressly agreed to by each of the parties, as to alimony were as follows:
 MR. STURDIVANT: These monthly payments shall begin February 1, 1976, and continue the 1st of each succeeding month thereafter until the wife remarries or the minor child, Shelly, reaches the age of 19 years or otherwise becomes emancipated.
 It is further agreed between the parties that the gun collection —
 THE COURT: One moment. That $300, will that end when that child is 19 years of age, everything ends?
MR. CULVER: No, sir. No, sir.
 THE COURT: Have you got something later on in there concerning alimony?
 MR. STURDIVANT: The alimony is there. We don't specify what is alimony and child support.
MR. CULVER: We didn't break it down.
 THE COURT: From the stipulation that you just gave me, that $300 will end on that child becoming 19, there wouldn't be anything left, zero.
 MR. CULVER: Add further, at the time she becomes 19, gets married, or becomes emancipated, that the alimony in a sum to be determined at that time will be continued, or in the interim, it could be changed in the interim.
 MR. STURDIVANT: All right. In other words, somebody has to make a determination.
 THE COURT: If they can't agree on what the alimony will be at that point, they will bring it back before the Court. *Page 141 
MR. STURDIVANT: Right, back before the Court.
THE COURT: That's what I wanted to know.
The February 10, 1976 judgment contained this order:
 3. That the Husband shall pay to the Wife the sum of Three hundred and no/100 ($300.00) Dollars or forty percent (40%) of his take-home pay, whichever is greater, per month as child support and alimony. Take-home pay shall be defined as gross salary minus taxes. Said sum or percentage shall be paid to the Wife as child support and alimony until the said minor child namely, SHELLY VAUGHN PITTMAN reaches the age of majority, marries or otherwise becomes emancipated. The 1st installment shall become due on the 1st day of February, 1976.
Mr. Pittman (plaintiff) filed petitions in 1976 and 1977 seeking to reduce child support and alimony payments. By his last petition of October 1, 1979, he sought to be entirely relieved from Shelly's further support because of her emancipation. Mrs. Pittman (defendant) contested the petition, and, by cross-petition, sought an increase in alimony and child support. Additionally, her motion of March 18, 1980, which now constitutes the heart of this controversy, sought relief under ARCP Rule 60 (b)(6). Therein she contended that the portion of the divorce judgment which did not provide for alimony to continue after Shelly became of age, married, or emancipated, should be set aside as being contrary to the intention and contemplation of the parties, that the divorce judgment is inequitable as written, that the error in not providing for the continuation of alimony after the cessation of Shelly's child support was one of omission and was never considered until the plaintiff filed his last modification petition, and that she is in need of alimony.
The defendant's 60 (b) motion, by stipulation of the attorneys, was submitted for a decision upon certain court files, which are not entirely before this court, and upon the January 21, 1976 stipulation, which is included in the record on appeal. The court granted relief to the defendant and ordered the plaintiff to continue paying alimony in an amount which was later established by the court after an evidentiary hearing. None of such evidence itself appears in the record. Through the same hearing, Shelly was adjudged to be emancipated.
The plaintiff appeals and raises as the sole issue the problem of whether the defendant's Rule 60 (b)(6) motion was timely filed. Accordingly, we shall determine only that one question.
The phrases of ARCP Rule 60 (b), which are relative to this case state: "On motion . . . the court may relieve a party . . . from a final judgment . . . for . . . (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time. . . ."
 Clause 6 of Rule 60 (b) is a residual clause intended to provide ample grounds for relief from final judgments which the trial court, in the exercise of its broad discretion, finds necessary. The judge obviously considered relief to be justified. Motions under this clause should be made within a reasonable time, however.
Haskew v. Bradford, Ala., 370 So.2d 259 (1979).
"Reasonable time" is defined as:
 Such length of time as may fairly, properly, and reasonably be allowed or required, having regard to the nature of the act or duty, or of the subject-matter, and to the attending circumstances. It is a maxim of English law that "how long a `reasonable time' ought to be is not defined in law, but is left to the discretion of the judges." Twin Lick Oil Co. v. Marbury, 91 U.S. 587, 591, 23 L.Ed. 328.
Black's Law Dictionary 1329 (5th ed. 1979). As an aid in deciding whether a 60 (b)(6) motion has been filed within a reasonable time, along with all of the circumstances surrounding the matter in controversy, it is beneficial and helpful for the court to especially consider whether delay in seeking relief has prejudiced the opposing party, whether third persons have relied upon the *Page 142 
judgment, whether it would be detrimental, and the extent of such detriment, for the judgment to be altered, and whether the movant has a valid reason for failure to take appropriate action at an earlier date. Wright Miller, Federal Practice and Procedure § 2866 (1973). The decision of whether to grant or deny relief pursuant to Rule 60 (b)(6) largely falls within the judicial discretion of the trial court, and, unless such discretion is abused, it will not be reversed on appeal. Nunnv. Stone, Ala. Civ.App., 356 So.2d 1212 (1978); Gallups v.United States Steel Corp., Ala.Civ.App., 353 So.2d 1169 (1978);Wilger v. Department of Pensions Security, Ala.Civ.App.,343 So.2d 529 (1977). That discretionary rule applies to the determination of whether such a motion has been filed within a reasonable time as well as to the merits of the motion.
We find nothing in the record indicating prejudice or detriment to the plaintiff or to any third party occasioned by any delay in filing the 60 (b)(6) motion. Although the defendant's motion was filed after the plaintiff's last motion, it came five months before the judgment of the court declared Shelly to be emancipated. There was no abuse of discretion in this case as to the question of the timely filing of the defendant's motion.
We have responded to the merits of the issue before this court to the extent that the record before us allows; however we do not have presented to us any of the evidence introduced below at the last hearing, nor do we have advantage of the full files in the two prior cases which were considered by the trial court in ruling upon the defendant's motion. Such matters might have influenced the circuit court to grant the 60 (b) relief. We cannot disturb that finding and must presume that the unincluded documents and testimony were sufficient to sustain the action of the trial court. Valley Mining Corp. v. MetroBank, Ala., 383 So.2d 158 (1980).
We affirm.
The foregoing opinion was prepared by circuit judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975. His opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.