18 So.3d 370 (2008)
Robert O. PRICE III
v.
Philip Warner CLAYTON.
2070728 and 2070755.
Court of Civil Appeals of Alabama.
October 31, 2008.
Rehearing Denied January 16, 2009.
Certiorari Denied March 13, 2009 Alabama Supreme Court 1080521.
*372 Robert O. Price, III, pro se.
James W. Woolley, Birmingham, for appellee.
THOMPSON, Presiding Judge.
In April 2000, Philip Warner Clayton filed a complaint against Robert O. Price III and William P. Holland alleging a number of tort claims. At the beginning of the bench trial in the action, Price and Holland each admitted to having received earnings from a contest and falsely reporting those earnings as income received by Clayton on Internal Revenue Service 1099 forms. In addition, Price admitted that he sent an e-mail message disparaging Clayton to the Alabama National Guard, of which Clayton was a member, and to the law school Clayton was attending at the time. The Alabama National Guard investigated each of the 10 allegations contained in the e-mail and determined 2 of those allegations to be "substantiated"; Clayton received a reprimand as a result of that investigation. The Alabama State Bar, into which Clayton was seeking admission, investigated Clayton as a result of Price's e-mail; it is not clear whether Price sent the e-mail to the Alabama State Bar or whether that organization learned of the e-mail after it had been sent to Clayton's law school. It does not appear that the Alabama State Bar took any action against Clayton as a result of its investigation.
After Price and Holland admitted liability for falsely reporting the contest earnings as income to Clayton and Price admitted sending the e-mail, the only remaining issue before the trial court was the assessment of damages, and the bench trial proceeded on that issue. On February 12, 2007, the trial court entered a judgment in favor of Clayton awarding him $25,000 in damages from Holland and $50,000 in damages from Price. Price and Clayton each appealed; those appeals were consolidated, and this court affirmed the trial court's judgment, without an opinion. Price v. Clayton (Nos. 2060476 and 2060639, Feb. 15, 2008), 13 So.3d 456 (Ala. *373 Civ.App.2008) (table) ("Price v. Clayton I").
On March 6, 2008, Price filed a pro se[1] application for a rehearing in this court.[2] On March 12, 2008, Price filed in this court a "motion to set aside" the trial court's February 12, 2007, judgment. In that motion, Price alleged that he had "recently discovered" evidence of a personal relationship between the trial judge and Clayton that might call into question the trial judge's impartiality. This court treated Price's March 12, 2008, motion as a request for permission to file a motion in the trial court seeking relief under Rule 60(b), Ala. Civ. P., from the February 12, 2007, judgment, and we granted that request. See Rule 60(b), Ala. R. Civ. P. ("Leave to make [a Rule 60(b) ] motion need not be obtained from any appellate court except during such time as an appeal from the judgment is actually pending in such court.").
Price then filed in the trial court a motion in which he sought relief from the February 12, 2007, judgment pursuant to Rule 60(b) and moved the trial judge to recuse himself from the action. Although that motion was filed in the trial court on April 16, 2008, that motion is deemed to have been filed in the trial court on March 12, 2008, the date on which Price sought relief in this court. See Rule 60(b), Ala. R. Civ. P. ("If leave of the appellate court [to file a Rule 60(b) motion in the trial court] is obtained, the motion shall be deemed to have been made in the trial court as of the date upon which leave to make the motion was sought in the appellate court."). Accordingly, we refer to Price's motion as having been filed on March 12, 2008.
In his March 12, 2008, motion, Price alleged that the trial judge had submitted to the Character and Fitness Committee of the Alabama State Bar a September 14, 1999, affidavit recommending Clayton as an applicant for admission to the Alabama State Bar. In that motion, Price also alleged that the trial judge's execution of the September 14, 1999, affidavit violated Canon 2 of the Alabama Canons of Judicial Ethics, which, he argued, warranted the trial judge's recusal as well as a retrial of Clayton's claims against Price. In support of his March 12, 2008, motion, Price submitted the September 14, 1999, affidavit, in which the trial judge stated:
"I have known Phil Clayton for a number of years, and I know him to be a hard-working and dedicated individual who is well-respected in the community. Phil has achieved the rank of Major in the Alabama National Guard and is employed full-time with the Guard. He has served the State of Alabama well, and I know that he will be an asset to the Alabama Bar. I recommend him wholeheartedly and without reservation."
On April 18, 2008, the trial court entered a judgment denying the relief sought in Price's March 12, 2008, motion. In its April 18, 2008, judgment, the trial court stated:
"This matter comes before the Court on Defendant Price's motion seeking relief from judgment. Having considered said pro se motion in its entirety, the Court will consider this as a motion to recuse. [Price] contends that the trial court should recuse because of a Character and Fitness affidavit signed by the Court for [Clayton], a prospective law student in September 1999.

*374 "This has never been raised by any party or attorney, nor was it remembered by the Court until [Price] filed the present motion.
"Having heard the bench trial, reviewed the most recent filing and the subject affidavit, the court finds said motion shall be DENIED."
Price timely appealed on April 25, 2008; this court assigned the appeal case number 2070728. On April 28, 2008, Price filed in this court a petition for a writ of mandamus, which also purported to challenge the trial court's April 18, 2008, judgment. The petition for a writ of mandamus was assigned case number 2070755. This court consolidated the appeal and the petition for a writ of mandamus. Upon submission, this court incorporated the record from Price v. Clayton I, supra, into the record in this matter.
It is well settled that the denial of a Rule 60(b) motion is appealable. Ex parte King, 821 So.2d 205, 209 (Ala.2001); Williams v. Williams, 910 So.2d 1284, 1286 (Ala.Civ.App.2005). Thus, Price's appeal is the appropriate method of seeking appellate review of the denial of his Rule 60(b) motion, which is the sole issue raised in the appeal in case number 2070728.
However, Price's petition for a writ of mandamus in case number 2070755 is not the appropriate method for reviewing the issue raised in that petition, i.e., whether the trial judge erred in failing to recuse himself. After the trial court denied Price's March 12, 2008, motion, nothing further remained pending in the trial court. Thus, the trial court's April 18, 2008, ruling was a final judgment and was not an interlocutory order from which appellate review could be had through a petition for a writ of mandamus. See Rule 21(e)(4), Ala. R.App. P. (review by petition for writ of mandamus "encompasses the situation where a party seeks emergency and immediate appellate review of an order that is otherwise interlocutory and not appealable"). Although a petition for writ of mandamus may not be used as a substitute for an appeal, Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894-95 (Ala.1998), this court may, in certain circumstances, treat a petition for a writ of mandamus as an appeal.
"In Ex parte Burch, 730 So.2d 143 (Ala. 1999), our supreme court held that it had the discretion to treat a petition for a writ of mandamus as a Rule 5, Ala. R.App. P., petition for permission to appeal, and it granted permission to appeal in that case. In doing so, the supreme court stated, `[t]here is no bright-line test for determining when this Court will treat a particular filing as a mandamus petition and when it will treat it as a notice of appeal.' Ex parte Burch, 730 So.2d at 146. See also Ex parte C.L.J., 946 So.2d 880, 888 (Ala.Civ.App.2006) (in which this court elected to treat a petition for a writ of mandamus as an appeal); and Ex parte W.H., 941 So.2d 290, 298 (Ala.Civ.App.2006) (treating a petition for a writ of mandamus as an appeal)."
Weaver v. Weaver, 4 So.3d 1171, 1173 (Ala. Civ.App.2008).
In this case, the inquiry on appeal in case number 2070728 is whether the trial court erred in denying Price's request for relief pursuant to Rule 60(b) based on Price's argument that the trial judge should have recused himself from considering this matter. Because the issue of recusal, which is the only issue raised in the petition for a writ of mandamus in case number 2070755, is central to the inquiry on appeal in case number 2070728, we elect to treat the petition for a writ of mandamus in case number 2070755 as an appeal. See Ex parte Weaver, supra, and *375 Ex parte Burch, supra; see also Rule 1, Ala. R.App. P. (The Rules of Appellate Procedure "shall be construed so as to assure the just, speedy, and inexpensive determination of every appellate proceeding on its merits."); and Appendix IV to the Alabama Rules of Appellate Procedure (the philosophy of reaching the merits of an appeal when possible is a "principle [that] echoes throughout the rules").
Price did not specify the specific subsection of Rule 60(b) pursuant to which he sought relief in his March 12, 2008, motion. The substance of a motion determines the type of motion it is. Evans v. Waddell, 689 So.2d 23, 26 (Ala. 1997). Rule 60(b) provides, in pertinent part:
"On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)[, Ala. R. Civ. P.]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."
In his March 12, 2008, motion seeking relief pursuant to Rule 60(b) and motion to recuse, as well as in his filings before this court, Price cited the trial judge's September 14, 1999, affidavit as warranting recusal and a new trial. "The evidence termed `newly discovered' by [Rule 60(b)(2) ] is that which was not known at time of trial and could not have been discovered by due diligence in time to move for a new trial." Gallups v. United States Steel Corp., 353 So.2d 1169, 1172 (Ala.Civ.App.1978). In his March 12, 2008, motion, however, Price asserted only that he had "recently discovered" the September 14, 1999, affidavit; Price did not allege and has not alleged in his brief before this court that he only recently acquired the affidavit, or could not have discovered it sooner, such that the affidavit would constitute "newly discovered" evidence warranting relief from the February 12, 2007, judgment pursuant to Rule 60(b)(2). As discussed, infra, the record before this court does not support a conclusion that the trial judge's September 14, 1999, affidavit could not have been discovered earlier by "due diligence." See Rule 60(b)(2), Ala. R. Civ. P.; Gallups v. United States Steel Corp., 353 So.2d at 1172. Given the language of Price's Rule 60(b) motion, together with the evidence in the consolidated record, we decline to construe Price's March 12, 2008, motion as one seeking relief pursuant to Rule 60(b)(2).
Under Rule 60(b)(6), a party may seek relief from a judgment for any reason justifying relief other than those reasons enumerated in subsections (1) through (5). We construe Price's motion as one filed pursuant to Rule 60(b)(6). See Smith v. Clark, 468 So.2d 138 (Ala.1985) (a motion seeking relief from judgment based on the possible bias of the trial judge was one filed pursuant to Rule 60(b)(6)); and Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982) (same).
"`The decision to grant or deny a Rule 60(b)(6) motion is within the discretion of the trial judge. Ex parte WalMart Stores, Inc., 725 So.2d 279, 283 (Ala.1998). The only issue we consider on an appeal from the denial of a Rule *376 60(b) motion is whether, by denying the motion, the trial court abused its discretion. Id. Therefore, an appeal from the denial of a Rule 60(b)(6) motion "does not present for review the correctness of the judgment that the movant seeks to set aside, but presents for review only the correctness of the order from which the appeal is taken." Satterfield v. Winston Indus., Inc., 553 So.2d 61, 63 (Ala. 1989).
"`Rule 60(b)(6) is an extreme remedy and relief under Rule 60(b)(6) will be granted only "in unique situations where a party can show exceptional circumstances sufficient to entitle him to relief." Nowlin v. Druid City Hosp. Bd., 475 So.2d 469, 471 (Ala.1985). The purpose of Rule 60(b)(6) is not to relieve a party from a free and deliberate choice the party has previously made. City of Daphne v. Caffey, 410 So.2d 8, 10 (Ala. 1982).'"
Ex parte Phillips, 900 So.2d 412, 418-19 (Ala.2004) (quoting Wood v. Wade, 853 So.2d 909, 912-13 (Ala.2002)).
The decision whether to grant a motion to recuse is also a matter within the trial court's discretion.
"A trial judge's ruling on a motion to recuse is reviewed to determine whether the judge exceeded his or her discretion. See Borders v. City of Huntsville, 875 So.2d 1168, 1176 (Ala.2003). The necessity for recusal is evaluated by the `totality of the facts' and circumstances in each case. [Ex parte City of] Dothan Pers. Bd., 831 So.2d [1,] 2 [ (Ala.2002) ]. The test is whether `"facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge."' In re Sheffield, 465 So.2d 350, 355-56 (Ala.1984) (quoting Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982))."
Ex parte George, 962 So.2d 789, 791 (Ala. 2006). Accordingly, we analyze Price's arguments by determining whether the trial judge exceeded his discretion in failing to recuse himself and in denying the requested Rule 60(b) relief.
As a basis for its denial of Price's March 12, 2008, motion, the trial court cited the fact that Price had failed to raise the issue of recusal earlier in the proceedings that resulted in the appeal in Price v. Clayton I, supra. A motion to recuse "should be filed at the earliest opportunity because `requests for recusal should not be disguises for dilatoriness on the part of the [moving party].'" Johnson v. Brown, 707 So.2d 288, 290 (Ala.Civ.App. 1997) (quoting Baker v. State, 52 Ala.App. 699, 700, 296 So.2d 794, 794 (Ala.Crim.App. 1974)). The issue of recusal may be waived if it is not timely asserted. Knight v. NTN-Bower Corp., 607 So.2d 262, 265 (Ala.Civ.App.1992).
A motion seeking relief from a judgment pursuant to Rule 60(b)(6) is not required to be filed as early as possible, as is a motion to recuse; rather, a Rule 60(b)(6) motion must be filed "within a reasonable time." Rule 60(b). The discretion afforded the trial court in ruling on a Rule 60(b) motion "applies to the determination of whether such a motion has been filed within a reasonable time as well as to the merits of the motion." Pittman v. Pittman, 397 So.2d 139, 142 (Ala.Civ.App. 1981).
"In exercising this discretion the court must balance the desire to remedy injustice against the need for finality of judgments. Consequently, the court may deny a Rule 60(b) motion where it finds that: (1) the moving party has not shown good cause for having failed to take appropriate action sooner; or (2) where the litigation would be protracted *377 needlessly due to the inability of the moving party to demonstrate a valid reason for changing the result of the challenged judgment. Rule 60, [Ala. R. Civ. P.], and committee comments thereto."
Clark v. Clark 356 So.2d 1208, 1211 (Ala. Civ.App.1978) (emphasis added). See also Dorey v. Dorey, 412 So.2d 808, 810 (Ala. Civ.App.1982) (in denying a Rule 60(b) motion, the court may consider whether the moving party has "shown good cause for having failed to take appropriate action sooner"). Our supreme court has stated that "[s]ome considerations for determining what constitutes a `reasonable time' [in which to seek relief under Rule 60(b)(6) ] are as follows: the interest in finality, the reason for delay, the practical ability to learn earlier of the grounds relied upon, and the prejudice to the other parties" Ex parte State ex rel. J.Z., 668 So.2d 566, 571 (Ala.1995); see also Pittman v. Pittman, 397 So.2d at 141-42 (same); and Ex parte W.J., 622 So.2d 358, 361 (Ala.1993), superseded on other grounds by § 26-17A-1, Ala.Code 1975 (same).
Price has made no assertions or arguments relevant to the issue whether his Rule 60(b) motion was filed within a reasonable time. Although the record on appeal (incorporated from Price v. Clayton I) does not contain Clayton's Application for Admission to the Alabama State Bar (hereinafter "the bar application"), the record contains numerous references indicating that the bar application was central to the dispute regarding certain aspects of Clayton's claims against Price and Holland. The record also indicates that Price obtained copies of Clayton's bar application early in the litigation in Price v. Clayton I, supra.
In their August 30, 2000, first set of interrogatories to Clayton, Price and Holland asked that Clayton produce a copy of his bar application. Although Clayton objected to having to produce his bar application, on April 4, 2001, the trial court entered an order that, among other things, required Clayton to produce that document to Price and Holland. In a May 31, 2001, motion to compel, Price and Holland objected to Clayton's failure to comply with other aspects of the April 4, 2001, order compelling discovery. Price and Holland also filed a third set of interrogatories to Clayton on May 31, 2001, in which they requested clarification of an aspect of Clayton's bar application and asked for documents pertaining to proceedings conducted by the Character and Fitness Committee of the Alabama State Bar on two separate dates. In response to that motion, on August 1, 2001, the trial court ordered:
"That the Alabama State Bar must provide to [Price's attorney] all documentation relating to the Alabama Bar Application of Philip Warner Clayton.... These documents shall include but are not limited to the completed Alabama Bar Application and all Character and Fitness testimony and proceedings...."
(Emphasis added.)
Price and Holland questioned Clayton about various aspects of the bar application during Clayton's March 27, 2002, deposition. During that deposition, Clayton identified the materials produced by the Alabama State Bar as follows:
"[PRICE'S ATTORNEY]: Would you look at that and tell me if that is your student Bar application. (Brief interruption.)
"[CLAYTON]: Obviously, there are some additions here that were provided by agencies like the Alabama Bureau of Investigation. But for the most part, yeah, that is what I completed, what I completed and submitted.

*378 ". . . .
"[PRICE'S ATTORNEY]: I think this is your application to the Bar, your final application to the Bar. Look through that.
"[CLAYTON]: Again, there are documents contained in there that I did not submit, but for the most part, that is my application that I submitted to the Bar."
A July 24, 2002, document Price and Holland submitted to the trial court listed the witnesses and evidence Price and Holland intended to present or submit to the court; that list included Clayton's bar application as an item of evidence Price intended to submit.
Thus, the record on appeal in Price v. Clayton I demonstrates that Price obtained a copy of the bar application from Clayton. Also, Price received, pursuant to a court order, a copy of the bar application from the Alabama State Bar. The transcript of Clayton's March 27, 2002, deposition indicates that the copy of the bar application Price received from the Alabama State Bar contained, as ordered by the trial court on August 1, 2001, "all documentation" pertaining to the bar application. The trial judge's September 14, 1999, affidavit would have been a part of the bar application produced by the Alabama State Bar. Those materials were in Price's possession at least six years before he filed his Rule 60(b)(6) motion.
Significantly, Price has made no allegation that the September 14, 1999, affidavit was not contained in the materials produced by Clayton or the Alabama State Bar or that he somehow obtained that affidavit during the time he was seeking a rehearing in this court in Price v. Clayton I. Such allegations would be relevant to the issue whether Price's Rule 60(b) motion was filed within a "reasonable time." Price has made no allegations or arguments, either to this court or to the trial court, concerning whether his Rule 60(b) motion was filed within the requisite reasonable time. With regard to the factors to take into consideration in determining whether a Rule 60(b)(6) motion has been filed within a reasonable time, Price has failed to explain "the reason for the delay" in his filing the Rule 60(b)(6) motion, given the length of time the bar application has been in his possession, and he has not alleged or argued that he lacked "the practical ability to learn earlier of the grounds" upon which he now seeks extraordinary relief pursuant to Rule 60(b)(6). See Ex parte W.J., 622 So.2d at 361; and Ex parte State ex rel. J.Z., 668 So.2d at 571.
Price, as the movant, has the burden of proving that he is entitled to the extraordinary relief available under Rule 60(b). Ex parte A & B Transp., Inc., 8 So.3d 924, 932 (Ala.2007); Ex parte Phillips, supra; and Ex parte Baker, 459 So.2d 873, 876 (Ala.1984). Our supreme court has explained that relief pursuant to "Rule 60(b)(6) is an extreme and powerful remedy and is available only under compelling circumstances when the movant can show the court sufficient equitable grounds entitling the movant to relief." Long v. Chicago Title Ins. Co., 646 So.2d 589, 591 (Ala. 1994).
The trial court, in denying Price's Rule 60(b) motion, noted that the issue of the affidavit and his recusal had not been raised earlier in the litigation in Price v. Clayton I.
"[U]nder Rule 60(b)(6), relief is granted only in those extraordinary and compelling circumstances when the party can show the court sufficient equitable grounds to entitle him to relief, but relief should not be granted to a party who has failed to do everything reasonably within his power to achieve a favorable result before the judgment becomes *379 final; otherwise, a motion for such relief from a final judgment would likely become a mere substitute for appeal and would subvert the principle of finality of judgments. See the Comment to Federal Rule of Civil Procedure 60(b)."
Patterson v. Hays, 623 So.2d 1142, 1145 (Ala.1993) (emphasis added). Price has not alleged that, and it does not appear that, he did "everything reasonably within his power" with regard to the issues raised in his Rule 60(b) motion.
"Relief under Rule 60(b)(6) is discretionary with the trial court, and a strong presumption of correctness attaches to the trial court's ruling on a Rule 60(b)(6) motion." Long v. Chicago Title Ins. Co., 646 So.2d at 591; see also Ex parte Hartford Ins. Co., 394 So.2d 933, 936 (Ala. 1981) (a decision on a Rule 60(b)(6) motion is within the sound discretion of the trial court); Pittman v. Pittman, 397 So.2d at 142 (same).
Price has failed to demonstrate that the trial court erred in denying his request for relief pursuant to Rule 60(b)(6). Price's March 12, 2008, motion seeking Rule 60(b) relief was filed six years after Price came into possession of the materials that included the affidavit upon which he based the motion, more than one year after the trial court had entered its February 12, 2007, judgment against Price, and one month after this court had affirmed the trial court's February 12, 2007, judgment. Price has made no argument that he lacked the ability to learn of or assert the existence of the September 14, 1999, affidavit earlier, nor has he explained his delay in asserting that affidavit as a basis for seeking the trial judge's recusal earlier. See Ex parte W.J., 622 So.2d at 361; and Ex parte State ex rel. J.Z., 668 So.2d at 571. Thus, balancing the factors set forth in Ex parte State ex rel. J.Z., supra, Ex parte W.J., supra, and Pittman v. Pittman, supra, for determining whether a Rule 60(b) motion was filed within a reasonable time, we must hold that Price's motion was not filed within a reasonable time and, therefore, that Price has failed to demonstrate that the trial court erred in denying his March 12, 2008, request for relief pursuant to Rule 60(b)(6) on that basis.
Similarly, we must conclude that Price has not demonstrated that the trial judge erred in refusing to recuse himself over a year after the entry of the final judgment that was reviewed on appeal in Price v. Clayton I.
"`To permit a party to disqualify a judge after learning how the judge intended to rule on a matter would permit forum-shopping of the worst kind. It would also be inequitable, because it would afford the moving party an additional opportunity to achieve a favorable result while denying a similar opportunity to its adversary. For these reasons, it is generally agreed that a party who has a reasonable basis for moving to disqualify a judge should not be permitted to delay filing a disqualification motion in the hope of first obtaining a favorable ruling, and then complain only if the result is unfavorable to his cause.'
"Richard E. Flamm, Judicial Disqualification § 18.2.2 at 532-33 (1996)."
City of Bessemer v. McClain, 957 So.2d 1061, 1069 (Ala.2006) (Parker, J., statement of recusal).
In this case, Price had the trial judge's recommendation of Clayton to sit for the bar exam in his possession for six years, yet he either did not exercise diligence in finding that affidavit or he did not consider it to be a "reasonable basis for *380 questioning the judge's impartiality" in the action until after this court had affirmed the trial court's February 12, 2007, judgment. In re Sheffield, 465 So.2d 350, 356 (Ala.1984). Price "did not raise the issue of the trial judge's bias until he had received an adverse judgment, failing therefore to afford the judge an opportunity to recuse himself before he heard the case." Knight v. NTN-Bower Corp., 607 So.2d at 265 (holding that a party who failed to raise the issue of recusal until after the trial judge had heard and ruled on the case had waived his objection on that issue). Given the facts of this case, we conclude that Price has failed to demonstrate that the trial judge exceeded his discretion in denying Price's request for recusal. Ex parte George, supra; Knight v. NTN-Bower Corp., supra.
AFFIRMED.
PITTMAN and THOMAS, JJ., concur.
BRYAN and MOORE, JJ., dissent, with writings.
BRYAN, Judge, dissenting.
I respectfully dissent. Under Canon 3.C.(1), Alabama Canons of Judicial Ethics, a judge is required to recuse himself or herself in a proceeding where "`facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.'" Ex parte Duncan, 638 So.2d 1332, 1334 (Ala.1994) (quoting Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala. 1982)). Here, the trial judge's sworn affidavit stated, among other things, that he had known Clayton "for a number of years," that he knew Clayton "to be a hard working and dedicated individual who is well-respected in the community," and that he recommended Clayton "wholeheartedly and without reservation" for admission to the Alabama State Bar. I conclude that those statements would cause "another person, knowing all of the circumstances, [to] reasonably question the judge's impartiality...." Ex parte Duncan, 638 So.2d at 1334 (citing, among other cases, Ex parte Balogun, 516 So.2d 606 (Ala.1987)). Thus, the trial judge exceeded his discretion by denying Price's motion for recusal. See In re Sheffield, 465 So.2d 350, 357 (Ala.1984) ("As stated in Canon 1 of the Code of Judicial Ethics, `An independent and honorable judiciary is indispensable to justice in our society,' and this requires avoiding all appearance of impropriety, even to the point of resolving all reasonable doubt in favor of recusal."). I would reverse the trial court's judgment and remand the cause for proceedings consistent with this special writing.
MOORE, Judge, dissenting.
I conclude that Robert O. Price III's motion for relief from judgment filed pursuant to Rule 60(b)(6), Ala. R. Civ. P., which was treated as a motion for recusal of the trial judge, presented substantial evidence of circumstances in which the trial judge's impartiality might reasonably be questioned. I also conclude that the trial court had no evidence before it to justify its legal conclusions. I, therefore, respectfully dissent.
I recognize that the commentary to Canon 2, Alabama Canons of Judicial Ethics, permits trial judges to write letters of recommendation on behalf of persons known to them. However, that commentary seems to relate solely to whether writing such a letter violates the rule against lending the prestige of the judicial office to advance the private interests of others. See Canon 2.C., Alabama Canons of Judicial Ethics. The commentary goes on to state that a letter of recommendation should not be written if the recipient "likely... will be engaged in proceedings that *381 would ordinarily come before the court." The canon more apt to this case is Canon 3.C., which deals with disqualification of judges and provides, in pertinent part:
"(1) A judge should disqualify himself in a proceeding in which ... his impartiality might reasonably be questioned, including but not limited to instances where:
"(1) He has a personal bias or prejudice concerning a party ...."
Canon 3.C., Alabama Canons of Judicial Ethics.
"Under Canon 3(C)(1), Alabama Canons of Judicial Ethics, recusal is required when `facts are shown which make it reasonable for members of the public or a party, or counsel opposed to question the impartiality of the judge.' Acromag-Viking v. Blalock, 420 So.2d 60, 61 (Ala.1982). Specifically, the Canon 3(C) test is: `Would a person of ordinary prudence in the judge's position knowing all of the facts known to the judge find that there is a reasonable basis for questioning the judge's impartiality?' Matter of Sheffield, 465 So.2d 350, 356 (Ala.1984). The question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartiality whether there is an appearance of impropriety. Id.; see Ex parte Balogun, 516 So.2d 606 (Ala.1987); see also, Hall v. Small Business Administration, 695 F.2d 175 (5th Cir.1983)."
Ex parte Duncan, 638 So.2d 1332, 1334 (Ala. 1994).
My research has not uncovered any case, in Alabama or otherwise, applying Canon 3.C. or a comparable ethics rule from another jurisdiction to facts similar to the facts present in this case. However, in Commonwealth v. Leventhal, 364 Mass. 718, 307 N.E.2d 839 (1974), a criminal defendant, six years after his conviction, moved for a new trial, asserting bias on the part of the trial judge; the defendant also moved the trial judge to disqualify himself. The trial judge denied the motion to disqualify and, after a hearing, denied the motion for a new trial. The defendant appealed. 364 Mass. at 718, 307 N.E.2d at 840.
On appeal, the Massachusetts Supreme Court affirmed. In reviewing the evidence, the court noted that, before the trial, the trial judge had disclosed his acquaintance with a prosecution witness to the defendant's lawyer. Although the defendant was not present for that discussion, the lawyer had shared that information with the defendant. No motion for disqualification was made at that time. 364 Mass. at 725, 307 N.E.2d at 843.
The Massachusetts Supreme Court also noted that, 35 years before the trial, the trial judge had written a letter recommending that the prosecution witness be admitted to the Massachusetts bar and that, later that same year, the trial judge had certified that the witness had attended a bar-review course conducted by the trial judge. The trial judge had not disclosed those facts during the defendant's trial because he had not remembered that he had written the letter of recommendation or that he had signed the certificate of attendance on behalf of the witness. 364 Mass. at 724-25, 307 N.E.2d at 843.
In rejecting the claim that the judge's failure to disclose those facts had denied the defendant a fair trial, the Massachusetts Supreme Court stated:
"The judge was under no obligation to make any disclosure to counsel unless he thought his impartiality might reasonably be questioned. Perhaps out of an abundance of caution, he did raise the question of disqualification. He could *382 not disclose what he did not remember. Counsel decided not to ask for disqualification, and the defendant apparently accepted that decision. The judge was not the trier of fact, and the transcript of [the witness's] testimony discloses no lack of impartiality. We think the argument that a forgotten thirty-five year old letter of recommendation changes the entire picture borders on the frivolous."
364 Mass. at 725-26, 307 N.E.2d at 844 (citation omitted). For those reasons, the Massachusetts Supreme Court affirmed the trial court's denial of the motion for a new trial and the denial of the motion to disqualify himself.
The facts of Commonwealth v. Leventhal, supra, and this case are sufficiently distinct as to require a different result. In Commonwealth, the challenged relationship involved the judge and a witness, whereas, in this case, the challenged relationship involves a trial judge and a party. In Commonwealth, the jury was the trier of fact, whereas, in this case, the trial judge served as the sole trier of fact. Further, in Commonwealth, the letter of recommendation at issue had been signed 35 years earlier, whereas the affidavit in this case was only a few months old at the time Clayton filed his complaint. The letter in Commonwealth was based on the judge's brief student-teacher relationship with a bar applicant forged in a bar-review course, whereas, in this case, the judge acknowledged he had known Clayton for years in an extrajudicial capacity. In Commonwealth, the issues addressed in the trial judge's affidavit were completely unrelated to the issues presented at the defendant's trial, whereas, in this case, the statements addressed in the trial judge's affidavitClayton's character and fitness to sit for the Alabama Barpotentially overlapped with the allegations made in Clayton's complaintwhether Price's e-mail message sent to the National Guard, to the law school, and to the Alabama Bar had defamed Clayton and damaged his chances of sitting for the Alabama Bar examination. Thus, the appearance of bias in this case was much stronger than that presented in Commonwealth, supra.
I find this case to be substantially similar to Acromag-Viking v. Blalock, 420 So.2d 60 (Ala.1982). In that case, Acromag-Viking, the plaintiff, produced evidence indicating that, at the time of the trial, the trial judge had been a member of the defendant's board of directors and presumably had a personal relationship with the defendant. 420 So.2d at 61. Acromag-Viking filed a motion, pursuant to Rule 60(b)(6), Ala. R. Civ. P., requesting that the trial court vacate the judgment previously entered in favor of the defendant and requesting that the trial court grant a new trial. Acromag-Viking also sought the recusal of the trial judge. Id. The trial judge denied those motions, and Acromag-Viking appealed. Id.
On appeal, the Alabama Supreme Court reversed the trial court's judgment denying Acromag-Viking's motions, stating:
"The Alabama Court of Civil Appeals has held that recusal is required where facts are shown which make it reasonable for members of the public, or a party, or counsel opposed to question the impartiality of the judge. Miller v. Miller, 385 So.2d 54, 55 (Ala.Civ.App. 1980); Wallace v. Wallace, 352 So.2d 1376, 1379 (Ala.Civ.App.1977). ...
"... In view of the facts of this case, the trial judge's failure to recuse himself constitutes an `exceptional circumstance,' Textron, Inc. v. Whitfield, 380 So.2d [259,] at 260 [ (Ala.1979) ], justifying Acromag's 60(b)(6) request. Therefore, the trial judge's failure to grant *383 Acromag's motion is, in this instance, an abuse of discretion.
"Because this case was heard without a jury, the trial judge was required to exercise fair and impartial judgment in determining whether Marketing was actually a corporation. The Court concludes from the facts presented that there were substantial facts for Acromag to question the trial judge's impartiality. Therefore, we rule that the trial judge committed reversible error in failing to recuse himself, and we remand this case for a new trial."
Acromag-Viking v. Blalock, 420 So.2d at 61-62.
As in Acromag-Viking, Clayton's claims against Price in the underlying trial were heard without a jury. As a result, the trial judge was required to determine, in the exercise of fair and impartial judgment, whether Price's alleged actions constituted, among other things, defamation and, as a result, damaged Clayton's reputation. A reasonable inference to be drawn from the trial transcript is that, at trial, the parties questioned whether Clayton had been required to unnecessarily appear before the Alabama Bar's Character and Fitness Committee as a result of Price's alleged actions.
Also like in Acromag-Viking, Price presented evidence tending to indicate that the trial judge and Clayton had a longstanding and favorable relationship at the time the complaint was filed. According to the judge's sworn affidavit, he had known Clayton for years at the time he filed that affidavit, and he recommended Clayton "wholeheartedly" for admission to the Alabama Bar. A reasonable person could question the impartiality of the trial judge based on the contents of the trial judge's affidavit, the date of its execution, the date of the trial, and the issues considered at trial.
Further, the trial judge's stated reason that he did not remember signing the affidavit for Clayton did not present a valid basis for denying Price's Rule 60(b) motion. Presumably, by stating that he did not recall the affidavit, the trial judge intended to convey that he did not have a close personal relationship with Clayton or that the relationship did not influence his decisions during the trial. However, "`[t]he question is not whether the judge was impartial in fact, but whether another person, knowing all of the circumstances, might reasonably question the judge's impartialitywhether there is an appearance of impropriety.'" Ex parte City of Dothan Pers. Bd., 831 So.2d 1, 5-6 (Ala.2002) (quoting Ex parte Duncan, 638 So.2d at 1334). Thus, the mere fact that the trial judge did not recall the affidavit is irrelevant to the ultimate determination of whether he should have recused himself.
That said, a party cannot proceed with a trial with full knowledge of a basis for recusal and then file a motion seeking the recusal of the judge and to vacate an adverse judgment. See Jones v. Kassouf & Co., 949 So.2d 136 (Ala.2006) (Parker, J., statement of nonrecusal). The main opinion essentially concludes that Price did exactly that, and that, therefore, his Rule 60(b) motion was filed untimely.
I cannot, however, agree with the conclusion that Price had knowledge of the affidavit before February 2008. In his motion, Price, who was acting pro se, indicated that he first obtained knowledge of the affidavit when he was preparing his application for a rehearing to this court in February 2008. Because procedural facts may be established by an attorney's statement in a signed motion, see Oliver v. Townsend, 534 So.2d 1038, 1042 (Ala.1988), and pro se litigants are subject to the same procedural rules as attorneys, Papaspiros v. Southeast General Contractors, *384 Inc., 982 So.2d 1099, 1104 (Ala.Civ.App. 2007), Price's statement constitutes sufficient evidence of when he acquired knowledge of the affidavit.
Although Clayton did not file any response to Price's motion and did not dispute the factual assertions contained therein, the main opinion concludes that, in fact, Price had knowledge of the affidavit much sooner. To reach that conclusion, the main opinion points out that Price's attorney obtained Clayton's application to the bar in the underlying action. Although the record from the appeal of the underlying judgment does not affirmatively demonstrate that the trial judge's September 14, 1999, affidavit was included in the bar application produced to Price, the main opinion infers from various statements in that record that the trial judge's affidavit must have been attached to it. However, that inference is unreasonable given that at no point in the record do the parties refer in any manner to the affidavit of the trial judge. We may take judicial notice of the record from a prior appeal, see Ex parte Cade, 521 So.2d 85, 87-88 (Ala.1987), but we cannot enlarge that record by inference to include something that is not in it.
Based on the record before us, the trial court simply had nothing before it upon which to base a decision that Price actually knew of the affidavit before February 2008. Thus, the trial court had no evidentiary basis to conclude that Price failed to timely file his Rule 60(b)(6) motion. Therefore, the trial court exceeded its discretion in denying the motion. See T.B. v. T.A.P., 979 So.2d 80, 87 (Ala.Civ.App. 2007) (defining abuse of discretion). I would reverse the trial court's judgment and remand the cause, noting that nothing precludes the trial court from holding an evidentiary hearing on the matter to determine exactly when Price or his attorney obtained the affidavit. Because the main opinion assumes the role of fact-finder and makes a factual conclusion that cannot reasonably be inferred from the evidence, I respectfully dissent.
NOTES
[1] Price has proceeded pro se in this matter since March 2008.
[2] This court had granted Price's earlier motion to extend the time for filing his application for a rehearing for good cause shown. See Rule 2(b), Ala. R.App. P.