THOMAS, Judge.
In 2008 Stephanie Baker filed a petition for protection from abuse (“PFA”) against Randall Eric Baldwin in the Madison Circuit Court pursuant to the former Alabama Protection from Abuse Act (“the former Act”). See Ala.Code 1975, former § 30-5-1 et seq.[1] Baldwin says that he and Baker had cohabited and that they have one child together.[2] Baker appeared pro se at the PFA hearing. Rather than obtaining a PFA order, Baker entered into an approved consent agreement with Baldwin, which addressed, among other things, Bald-win’s paternity as to the child, the parties’ agreement as to custody of and visitation with the child, and the amount of the child-support payments Baldwin was obligated to pay to Baker (“the 2008 judgment”). Baker did not insist that the circuit court enter a PFA order against Baldwin, and as previously noted, the circuit court entered no such order. The 2008 judgment stated that it was “effective immediately” and that it could be modified only by a court order. In August 2008, the circuit court modified the 2008 judgment to decrease the amount of Baldwin’s monthly child-support obligation (“the 2008 modified judgment”). The 2008 modified judgment stated that it was effective “from this date forward.” All other provisions of the 2008 judgment remained unchanged.
According to Baldwin, he lost his job in 2010, and, on September 28, 2010, he filed a petition for a modification of his child-support obligation under the 2008 modified judgment. The circuit court reviewed his petition and required Baldwin to submit a memorandum because it “ha[d] questions regarding [its] jurisdiction ... to enter any orders.” Baldwin complied, and, on July 20, 2011, the circuit court dismissed the action for lack of subject-matter jurisdiction pursuant to subsections (d)(5) and (e)(1) of § 30-5-7 of the former Act. Specifically, the circuit court determined that it lacked jurisdiction to consider Baldwin’s petition because, it held, under the provisions of the former Act, the 2008 judgment and the 2008 modified judgment (hereinafter referred to collectively as “the 2008 judgments”) expired on May 12, 2009, a year after the 2008 judgment was entered. Baldwin timely appeals to this court, seeking a review of the circuit court’s judgment that it lacked subject-matter jurisdiction over his petition to modify. “Matters of subject-matter jurisdiction are subject to de novo review.” DuBose v. Weaver, 68 So.3d 814, 821 (Ala.2011).
On appeal, Baldwin contends that the circuit court retained jurisdiction to modify the 2008 judgments because, he says, the circuit court intended that the 2008 judgments would be permanent and, he says, interpreting the 2008 judgments as temporary orders would serve to illegi-timize the child and would offend our state’s policy of encouraging judicial economy.
*1008 After the entries of the 2008 judgments, our legislature revised the Alabama Protection from Abuse Act (“the revised Act”). See supra note 1. The revised Act deleted the reference in the former Act to an approved consent agreement. Compare § 30 — 5—T(d)(1) of the revised Act with § 30-5-7(e)(l) of the former Act. The revised Act also provides that a “temporary ex parte” PFA order will remain in effect until a final PFA order, of permanent duration, is issued and that both a temporary PFA order and a final PFA order may be modified by subsequent court orders. See Ala.Code 1975, § 30-5-7(d)(l) & (2). The revised Act became effective July 1, 2010; however, we evaluate Baldwin’s appeal pursuant to the provisions of the former Act because Baker filed her original petition, and the circuit court entered the judgments Baldwin seeks to modify, in 2008, before the July 1, 2010, effective date of the revised Act. See I.S.T. v. R.W.B., 54 So.3d 427, 432 (Ala.Civ.App.2010) (concluding that an action is governed by the provisions of a former Act when a party files a petition before the effective date of a revised Act). Subsections (d)(5) and (e)(1) of § 30-5-7 of the former Act provided as follows:
“(d) A court may grant any of the following relief in a final order for protection or a modification of an order after notice and hearing, whether or not the defendant appears:
[[Image here]]
“(5) Order the defendant to pay temporary reasonable support for the plaintiff or any child in the plaintiffs custody, or both, when the defendant has a legal obligation to support such person. The amount of temporary support awarded shall be in accordance with Child Support Guidelines.
[[Image here]]
“(e)(1) Any final protection order or approved consent agreement shall be for a period of one year unless a shorter or longer period of time is expressly ordered by the court. While the order is in effect, the court may amend its order or an approved consent agreement at any time upon subsequent petition filed by either party and a hearing held pursuant to this chapter.”
(Emphasis added.)
We agree with the circuit court that the 2008 judgments expired by operation of law on May 12, 2009, and that, therefore, the circuit court lacked jurisdiction to consider Baldwin’s petition to modify.
Baldwin contends that the circuit court’s inclusion of the language “from this date forward” and “effective immediately” in the 2008 judgments satisfies the requirement in § 30-5-7(e)(l) of the former Act that the circuit court expressly specify if an approved consent agreement is to extend beyond the one-year limitation in § 30-5-7(e)(l) of the former Act. We are not convinced.
As Baldwin points out, “express” means “[cjlearly and unmistakably communicated; directly stated.” Black’s Law Dictionary 661 (9th ed.2009). He contends that the use of the phrase “from this date forward” in the 2008 modified judgment “expressly extended [the circuit court’s] order into the future” and made the 2008 judgments effective “for the duration of the minority of the child.” We cannot agree with Baldwin that the phrases “from this date forward” and “effective immediately” clearly and unmistakably indicate that the circuit court intended that the 2008 judgments would remain in effect for the “duration of the minority of the child.” Under the provisions of the former Act, if the circuit court had intended that the approved consent agreement was to be effective for a shorter or a longer period than the statutorily *1009 mandated period of one year, the circuit court was required to clearly and unmistakably communicate the length of that period. Our review of the record reveals that circuit court did not clearly and unmistakably state that the approved consent agreement would be effective for any particular period. The circuit court’s 2008 judgments are more properly read as being “effective from this date forward” and “immediately effective” for one year after the entry of the 2008 judgement.
Finally, Baldwin’s policy arguments are unavailing. Baldwin asserts that we should interpret the 2008 judgments as having permanent duration because any other interpretation acts to illegitimize the child and creates a need for repetitive, unnecessary litigation. This court lacks the power to interpret a judgment in a way that would violate the unambiguous language of a statute; it is this court’s duty, to ascertain and effectuate the legislative intent expressed by the plain meaning of the statute. See Ex parte Webb, 53 So.3d 121, 131 (Ala.2009); White Smile USA, Inc. v. Board of Dental Exam’rs of Alabama, 36 So.3d 9, 15 (Ala.2009); and Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).
In this case, the former Act unambiguously provided that any PFA order or approved consent agreement reached by the parties at a PFA hearing would expire in one year unless the court specifically stated a longer or shorter period of duration. As discussed above, our legislature has amended the former Act and has deleted the one-year expiration provision; however, any PFA order or approved consent agreement entered into before the July 1, 2010, effective date of the revised Act expired by operation of law in one year, unless the court stated a longer or shorter period of duration.
The circuit court’s judgment determining that it lacked subject-matter jurisdiction over Baldwin’s petition to modify is affirmed.
AFFIRMED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, without writing.

. In 2010, the Alabama Legislature revised the Alabama Protection from Abuse Act, codified at Ala.Code 1975, § 30-5-1 et seq., effective July 1, 2010.

. Baker did not file a brief on appeal.