PER CURIAM.
Danny L. Smith (“the former husband”), an incarcerated inmate in the Alabama correctional system and a registered sex offender, seeks review, via both appeal and a petition for a writ of mandamus, of an order entered by the Etowah Circuit Court denying his motion, filed pursuant to Rule 60(b), Ala. R. Civ. P. In that Rule 60(b) motion, Smith sought relief from a judgment entered by that court in September 2006 that had granted relief sought by Brandi M. Smith (“the former wife”) in a protection-from-abuse (“PFA”) proceeding. We deny the former husband’s mandamus petition; we affirm as to the former husband’s appeal.
These are the second and third appellate proceedings involving these parties; in Smith v. Smith (No. 2081148, March 5, 2010), 75 So.3d 709 (Ala.Civ.App.2010) (table), we affirmed a judgment of the trial court denying a motion filed by the former husband seeking relief from a judgment divorcing the parties. The record transmitted to this court in that case, of which we have taken judicial notice (see, e.g., Ex parte Hacker, 250 Ala. 64, 77, 38 So.2d 324, 337 (1948)), reveals that the parties married in February 2006, when the former wife was 16 years old and the former husband was 49 years old. In September 2006, after the former husband had been incarcerated and three weeks following the birth of the parties’ child, the former wife filed a petition for protection from abuse in the trial court (case no. DR-06-822.90); she alleged that the former husband had punched her in the stomach during her pregnancy and that he had dragged her by her hair for a distance of 12 feet, in addition to making other threats of violence. The trial court entered a temporary order granting the petition on September 11, 2006, and set the case for a further hearing. Although no further order or judgment in that proceeding appeared in the record in the previous appeal involving these parties, a supplemental record transmitted to this court in the present case reveals that a judgment in the PFA proceeding was entered, after notice to the former husband and a hearing, on September 27, 2006; that judgment provided, in pertinent part, that the former husband was enjoined from committing or threatening to commit further acts of abuse against the former wife or their child, that he was prohibited from communications with the former wife or the child, that he was directed to stay away from places frequented by the former wife and the child, that the former wife was to have temporary custody of the child, and that the former husband was to have no visitation with the child. Consistent with former law governing PFA orders and judgments, the trial court’s September 27, 2006, judgment in the PFA proceeding also specified that it was “effective for a period of 12 months.” Compare former Ala.Code 1975, § 30-5-7(e)(1) (portion of Alabama Protection from Abuse Act in effect before 2010 amendments that provided that “[a]ny final protection order ... shall be for a period of one year unless a shorter or longer period of time is expressly ordered by the court”). No appeal was taken by either party from the temporary PFA order or from the September 27, 2006, final judgment.
In March 2007, the former wife filed a complaint seeking a divorce from the former husband (case no. DR-07-253). The former husband failed to respond to the complaint despite having been personally served by the sheriff at the county detention center. The trial-court clerk entered the fact of the former husband’s default, and the trial court entered a judgment *897 based upon that default divorcing the parties on account of incompatibility of temperament; granting the former wife sole custody of the parties’ child; vesting in the former wife a one-half interest in real estate located in Wellington that the former husband had purchased during the marriage; awarding the former wife the contents of a certain recreational vehicle; and restoring the former wife’s maiden name to her. No postjudgment motions were filed, and no appeal was taken from that judgment.
In July 2009, more than 26 months later, the former husband, who was then (as he is now) incarcerated in the state penal system, filed a motion in case no. DR-07-258 seeking to reopen both the divorce judgment and the final judgment in the PFA action; citing Rule 60(b), Ala. R. Civ. P., the former husband alleged that the former wife had committed fraud upon the court both in seeking the divorce judgment and in seeking the order in the PFA proceeding. In his motion, the former husband averred that in July 2008 he had received copies of the September 11, 2006, temporary PFA order through his criminal-defense attorney as he was preparing for trial on apparently unrelated criminal matters because, the former husband said, the state had indicated its intent to prove that a “permanent” PFA judgment had been entered against him. He further averred that the former wife had falsely pleaded that she had separated from the former husband. Notably, the former husband stated no rationale in his motion for his lengthy delay in seeking relief under Rule 60(b). The former wife filed a response to the former husband’s motion for relief from the divorce judgment in which she averred that the former husband had had notice of both the PFA proceeding and the divorce proceeding, but had chosen not to participate in either, and that she had remarried in October 2008 and had had a child with her new spouse. The former husband then sought leave to have his deposition taken. On September 1, 2009, the trial court entered an order denying leave for the former husband to be deposed and also denied the former husband’s Rule 60(b) motion attacking the divorce judgment. We affirmed the trial court’s judgment denying the Rule 60(b) motion filed in the divorce action, and cer-tiorari review of this court’s affirmance was denied by our supreme court (Ex parte Smith (No. 1091150, June 18, 2010), 83 So.3d 596 (Ala.2010) (table)).
In February 2013, the former husband, in the PFA action (case no. DR-06-822.90), filed a motion for relief from the final judgment entered in that case. In his motion, the former husband stated the following claimed reasons why, he said, the trial court should grant him relief from the final judgment in the PFA proceeding: (1) the judgment was void based upon a lack of personal service and, therefore, was entered in the absence of in personam jurisdiction; (2) the trial court had no jurisdiction to enter an order pertaining to custody or visitation as to the parties’ child without notice or an adversarial hearing; and (3) the former wife had given testimony during a 2008 criminal trial, well after the conclusion of the PFA proceeding, tending to indicate that the former husband could not have abused or threatened to abuse the former wife in the manner asserted in her PFA petition. The trial court entered a judgment denying the former husband’s Rule 60(b) motion on February 19, 2013. The former husband then timely filed a notice of appeal from that judgment and separately filed a petition for a writ of mandamus seeking substantially similar relief (although couched in terms of the trial court’s having actually denied a motion to dismiss, pursuant to Rule 12(b)(2), Ala. R. *898 Civ. P., for lack of in personam jurisdiction).
This court consolidated both the former husband’s appeal and his mandamus petition for purposes of decision. We will address the substantive questions presented only in connection with the appeal, however; because mandamus will not lie when there is an adequate remedy by appeal, such as when the trial court has denied a motion filed pursuant to Rule 60(b), see generally Ex parte R.S.C., 853 So.2d 228, 234-36 (Ala.Civ.App.2002), and because the former husband’s mandamus petition was filed within a presumptively reasonable time for seeking review of trial-court orders only as to the trial court’s February 19, 2013, judgment, we conclude that the former husband’s mandamus petition is due to be dismissed as seeking relief duplicative of that properly sought in his appeal.
Rule 60(b), in pertinent part, affords discretion to trial courts to grant relief from judgments not only for a number of specified reasons, such as voidness of the judgment, see Rule 60(b)(4), Ala. R. Civ. P., but also for “any other reason justifying relief from the operation of the judgment,” see Rule 60(b)(6), Ala. R. Civ. P. It is well settled that an appeal from a denial of a motion pursuant to Rule 60(b) “does not bring the underlying judgment up for review but presents only the question of the propriety of the judgment denying the Rule 60(b) motion.” Ex parte R.S.C., 853 So.2d at 236. Appellate review of a ruling on a motion seeking relief on grounds other than voidness of the judgment attacked is deferential: not only is it true that “a strong presumption of correctness attaches to a trial court’s ruling on a Rule 60(b) motion,” but it is also true that “[t]he trial court has discretion to grant or deny relief under Rule 60(b), and its decision will not be reversed except for an abuse of that discretion.” Valley Forge Ins. Co. v. Alexander, 640 So.2d 925, 929 (Ala.1994). As to the voidness ground, however, we review the trial court’s decision on the former husband’s motion for relief from the underlying judgment de novo, assessing only whether the trial court, when it rendered the final judgment in the PFA proceeding, lacked jurisdiction over the former husband. See, e.g., Dennis v. Still Waters Residential Ass’n, 18 So.3d 959, 960 (Ala.Civ.App.2009).
The trial court, in denying the former husband’s Rule 60(b) motion seeking relief from the final judgment in the PFA action, did not state its reasons for having done so; moreover, we have not been favored with a brief from the former wife offering a legal rationale supporting the trial court’s decision. However, we note that the underlying judgment has expired by its terms: the judgment states that it will expire 12 months after its entry, which expiration occurred in September 2007. Thus, regardless of the manner in which the final judgment in the PFA action may have been characterized by the former husband, the former wife, or any third party, that judgment ceased to have operative effect by operation of law 12 months after it was entered.
We have grave doubts concerning the propriety of any order that would purport to grant relief to a party under the present circumstances. Indeed, in Baldwin v. Baker, 86 So.3d 1006, 1008 (Ala.Civ.App.2012), we concluded that, in light of the former one-year statutory limitation on the effectiveness of PFA judgments, a trial court properly denied a petition seeking further modification of a final judgment entered in a PFA action because the petition had been filed more than one year after the entry of the judgment sought to be further modified. However, assuming, without deciding, that the expiration of the *899 final judgment in the PFA action does not destroy the former husband’s right to seek relief therefrom, we perceive no error in the trial court’s denial of relief in this case as to the two grounds — voidness and “any other reason” — asserted therein.
The former husband’s sole basis for asserting that the underlying judgment (including its visitation provisions) is void is that it was not demonstrated that he was personally served with process in the PFA action so as to warrant a conclusion that the trial court in the PFA action had personal jurisdiction. The supplemental record in this appeal indicates that the former wife, in her PFA petition, listed the former husband’s address as being at the “Etowah County Jail” and that the trial-court clerk expressly ordered that the PFA petition, the temporary PFA order, and the order setting a hearing on the petition be served on the former husband in care of the Eto-wah County jail. The return-on-service portion of the clerk’s service order contains an attestation by Stacy L. Smith that she personally delivered a copy of the specified papers to the former husband on September 11, 2006; although that form, in blank lines for specifying the served person’s address, lists an address in Wellington, the “Name” blank has an affixed star-shaped icon that appears to have been utilized to elicit a signature from the former husband, and the form in fact contains a signature on that line that closely matches the former husband’s signature on his notice of appeal in case no. 2081148. The trial court could properly have concluded that, notwithstanding the listing of an address other than that of the Etowah County jail, the former husband’s signature confirmed that he had, in fact, been personally served with papers pertaining to the PFA action at the jail by Stacy L. Smith on the date specified and that the trial court had properly obtained in per-sonam jurisdiction to enter its September 27, 2006, final judgment in the PFA action. We thus cannot conclude that the trial court erred in concluding that its judgment in the PFA action was not void (and, therefore, that the provisions of that judgment addressing the former husband’s rights of access to the parties’ child were similarly not void).
 The “any other reason” ground cited by the former husband refers to his citation of testimony given by the former wife in 2008 that, he says, tends to disprove the proposition that he could have committed the abuse of which he was accused in the former wife’s PFA petition. Rule 60(b) expressly states that a motion filed pursuant thereto is to be made “within a reasonable time,” and we have specifically noted that the discretion afforded the trial court in ruling on a Rule 60(b) motion as to grounds other than voidness “‘applies to the determination of whether such a motion has been filed within a reasonable time as well as to the merits of the motion.’ ” Price v. Clayton, 18 So.3d 370, 376 (Ala.Civ.App.2008) (quoting Pittman v. Pittman, 397 So.2d 139, 142 (Ala.Civ.App.1981)).
“ ‘[I]n deciding whether a 60(b)(6) motion has been filed within a reasonable time, along with all of the circumstances surrounding the matter in controversy, it is beneficial and helpful for the court to especially consider whether delay in seeking relief has prejudiced the opposing party, whether third persons have relied upon the judgment, whether it would be detrimental, and the extent of such detriment, for the judgment to be altered, and whether the movant has a valid reason for failure to take appropriate action at an earlier date.’ ”
Mitchell v. Morgan, 491 So.2d 981, 982 (Ala.Civ.App.1986) (quoting Pittman, 397 So.2d at 141-42). A court, in particular, *900 “may deny a Rule 60(b) motion where it finds that ... the moving party has not shown good cause for having failed to take appropriate action sooner.” Clark v. Clark, 356 So.2d 1208, 1211 (Ala.Civ.App.1978).
Here, notwithstanding the former husband’s arguments, we can readily conclude that the trial court acted within its discretion in denying relief in this case to the extent that the former husband relied on the “catchall” provision in subsection (6) of Rule 60(b). The former husband offered no reason, other than the preparation of an appellate transcript in a separate proceeding in 2012, as to why he waited approximately five years after the former wife’s testimony in open court at his own criminal trial before he sought relief in the PFA action, especially given that he had sought similar relief in the divorce action as early as 2009. In the meantime, the underlying judgment had expired by its own terms, the former wife had remarried, and the former wife had given birth to a child of that marriage. Under the circumstances present in this case, we cannot conclude that the trial court acted outside its discretion in denying relief, on the former husband’s “any other reason” basis, from the PFA judgment that it had entered more than six years previously.
Based upon the foregoing facts and authorities, the trial court’s judgment denying the former husband’s Rule 60(b) motion is due to be affirmed.
2120466 — AFFIRMED.
2120491 — PETITION DISMISSED.
All the judges concur.